310 So.2d 328 (1975)
Bruce A. BOB, Appellant,
v.
Juliet S. BOB, Appellee.
No. 74-553.
District Court of Appeal of Florida, Third District.
April 8, 1975.
*329 Sinclair, Louis & Siegel and Neil A. Shanzer, Miami, for appellant; Barry L. Halpern, Halpern & Shenberg, Miami, of counsel.
Heller & Kaplan, Miami, for appellee.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
PEARSON, Judge.
The former husband appeals a judgment dissolving his marriage to the appellee and assigns error upon that portion of the judgment which allowed as alimony thirty percent (30%) of his gross income.[1] The facts material to the controversy are that the parties were married in March of 1970 when the wife was 20 years old and the husband was 25 years old. The husband was an intern at a hospital in New York City. Before the marriage, the wife lived in a $280 a month apartment paid for by her parents, who also provided her with a $500 a month allowance, as well as extra money for clothes and vacations. When the parties married, the husband was grossing annually between $10,000 and $12,000. After finishing his internship, the husband began a specialized residency in obstetrics and gynecology at the University of Miami School of Medicine. The parties moved to an apartment in Coral Gables, which the wife's parents paid for. The husband's income at this time was about $9,000. Appellee's parents paid all medical and dental bills, paid for their honeymoon and gave them money for vacations. They also bought about $13,000 worth of furniture and decorations for the parties' New York apartment and spent some $9,000 to $18,000 on furniture for the Coral Gables apartment, and they gave them $1,000 a month from the time of their marriage until their separation. The wife, in addition, had an income of $120 interest per week and $1,500 every three months from a $125,000 trust fund. During, as well as after, the marriage the wife had mental problems and visited a psychiatrist on a weekly, and sometimes bi-weekly, basis, but had also seen psychiatrists prior to her marriage, since the age of 15 or 16. As a result of her problems, she cannot hold a job and, in fact, has not sought employment *330 since the separation. There was evidence that at the time of the final hearing, the husband was receiving a gross income at a California hospital, where he was finishing his residency, of about $11,819.60. There was also evidence that the husband was capable of making $75,000 in his first year of practice.
Two points on appeal are argued. One urges that the court erred in awarding alimony; the other urges that the award of thirty percent of his gross income was not proper and is excessive. The first point does not present error. A party challenging an alimony award has the burden of showing an abuse of discretion. Ginsberg v. Ginsberg, Fla.App. 1961, 127 So.2d 137, 138, 2 A.L.R.3d 592. Many factors in this marriage, including the health of the wife and the prospects of the husband for contribution to her needs in the future, form a basis for an award of permanent alimony which may be appropriately modified in the future. See Levison v. Levison, Fla.App. 1967, 193 So.2d 630.
As to the award of 30% of the husband's income as permanent alimony, we hold that such award is improper under the circumstances of this case. Percentage awards are not ordinarily productive of an end to litigation. We do not need to decide whether they are improper in every case because the award here is clearly based upon an incorrect finding as to the standard set by the parties during their marriage. The large contributions to the marriage standard by the wife's parents were in all probability meant to be temporary and may have had as their purpose the comfort of the family while the husband was being educated for a greater earning power, but they surely created a standard of living beyond that which the husband could have provided. The husband is obligated to continue to contribute to the wife's means so that she can, without the help of third parties and taking into consideration her own means and abilities, maintain a standard commensurate with that which they together did maintain or could have maintained without contribution from third parties. Cf. Firestone v. Firestone, Fla. 1972, 263 So.2d 223, and Sommers v. Sommers, Fla.App. 1966, 183 So.2d 744.
Affirmed in part and remanded with directions to set the amount of the alimony payments in terms of dollars and in accordance with the views herein expressed. The amended judgment for alimony shall provide that the duty to make such payments is retroactive to the date of the dissolution.
Affirmed in part, reversed in part and remanded with directions.
NOTES
[1] "The Court finds and holds that there is need for permanent alimony to be paid by the husband to the wife, and the husband has the ability to pay the same. He is a medical doctor with a specialty in gynecology and obstetrics, and is just beginning his career as such and has not yet achieved his true earning capacity. The Court believes that it has the inherent jurisdiction to grant and award permanent alimony based on the reasonable expectations of the husband's future income, since his present wages do not reflect his true earning capacity. In short, he has the ability within his sole discretion to better himself if he wants to. Accordingly, the husband shall pay to the wife, weekly, beginning Monday, March 18, 1974, thirty (30%) percent of his gross income, and shall, by affidavit, file in this Court file, quarterly, with copy to the wife, a detailed report of his gross income."