PER CURIAM.
Robert E. Pike, husband, seeks review of the financial provisions of a final judgment of dissolution of marriage from his wife, Virginia T. Pike.
At the time of the petition for dissolution the parties were married twenty-two years, had four children, only one of whom is still a minor and living with the wife. The husband is a practicing physician, fifty-six years of age, and the wife age forty-three, is trained and qualified as a registered nurse but is not employed. In 1974, the husband, after income tax, had a net yearly income of approximately $27,000. He owns a $5,000 boat and stocks valued at $12,000. Both the husband and wife own their respective automobiles and jointly own the marital home of the net value of approximately $200,000.
On appeal the husband argues as error the trial court’s award of the husband’s interest in the marital home to the wife as lump sum alimony and the award of rehabilitative alimony to the wife of $750 per month for a period of thirty-six months. The husband also assigns as error the court’s judgment that the husband pay the wife’s attorneys fees. The facts as disclosed by the record show that, irrespective of payment by the husband of rehabilitative alimony of $750 per month, plus $400 per month as child support which leaves him with net income of about $1,000 per month before taxes the husband will have assets of about $21,000 and the wife assets of about $202,000.
In our opinion, the obvious imbalance was created mainly by the trial court’s award to the wife of the husband’s interest in the marital home as lump sum alimony. We, therefore, reverse the judgment of the trial court awarding the husband’s interest in the marital home to the wife, the effect of which is that husband and wife will be *149 tenants in common of the property. In such modified judgment, the wife shall have the right to the use and occupancy of the home until the minor child attains his majority or the wife remarries, whichever event occurs first.
In view of the substantial alteration of the trial court’s judgment herein appealed, this cause is remanded to the trial court with directions to re-evaluate and equitably modify or change, if appropriate, the alimony award (rehabilitative, lump sum or permanent periodic) as well as the award of attorneys fees.
Reversed and remanded with directions.