464 So.2d 717 (1985)
Bobbie Sue MARLOW, Appellant,
v.
John Lewis MARLOW, Appellee.
No. 84-1736.
District Court of Appeal of Florida, Second District.
March 13, 1985.
*718 Judith Ann Cutting and Gerald W. Medeiros, Lakeland, for appellant.
Clinton A. Curtis, Bartow, for appellee.
PER CURIAM.
In this appeal from a final judgment of dissolution of marriage, the wife argues that the trial court erred in: (1) awarding her rehabilitative alimony of $152.00 per week for two years rather than permanent periodic alimony; (2) failing to require the husband to make mortgage payments on the marital home which was awarded to the wife; and (3) failing to require the husband to pay her $12,605.00 representing insurance proceeds received for damages to an automobile.
We affirm without comment the wife's second and third contentions but we deem it necessary briefly to comment upon her first point on appeal.
The parties were married in 1961 and separated in 1983. They have two children each of whom was an adult at the time of the final hearing. The husband is the owner-operator of two service stations and a convenience store. In addition to the business assets held by the husband, the parties accumulated various assets including the marital home, rental property, two lots and a mobile home, two automobiles, IRA accounts, an insurance policy and other items of personal property. According to his financial statement and certain testimony at the hearing, the husband's net income is approximately $724.00 per week. At the time of the final hearing the thirty-nine-year-old wife, who had received a tenth grade education, was employed at a figure salon for a net income of approximately $35.00 per week. According to the wife's testimony at the dissolution proceeding, she intended to secure a "better job if the divorce goes through." She also testified that she needed $250.00 per week in permanent alimony. However, on cross examination she indicated she needed $260.00 per week for a period sufficient to allow her to become qualified for self-supporting employment.
In the final judgment the wife was awarded as lump sum alimony jewelry, an automobile, and the marital residence with the requirement that the husband pay the mortgage, taxes and insurance on the home for two years. The court further awarded the wife $152.00 per week in rehabilitation *719 alimony for a like period. The court indicated in the final judgment that "in view of the awards herein made, the wife does not have the need, nor is she entitled to, an award of permanent alimony." We find the award of rehabilitative alimony was within the bounds of the trial court's discretion.
The nature and amount of an award of alimony is a matter for determination by the trial court. In Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980), the Florida Supreme Court stated:
The judge possesses broad discretionary authority to do equity between the par ties and has available various remedies to accomplish this purpose, including lump sum alimony, periodic permanent Affirmed alimony, rehabilitative alimony, child sup port, a vested special equity in property, and an award of exclusive possession of property. As considered by the trial court, these remedies are interrelated; to the extent of their eventual use, the remedies are a part of the overall scheme. It is extremely important that they also be reviewed by appellate courts as a whole, rather than independently.
Id. at 1202.
Absent a clear abuse of discretion, an appellate court is not justified in substituting its judgment for the final judgment of the trial court. Shaw v. Shaw, 334 So.2d 13 (Fla. 1976); Courington v. Courington, 120 So.2d 64 (Fla. 2d DCA 1960). When called upon to review an award of alimony, the appellate court should apply "the reasonableness test" recognized by the supreme court in Canakaris and more recently in Marcoux v. Marcoux, 464 So.2d 542 (Fla. 1985). As stated in Marcoux:
If a reviewing court finds that there is competent substantial evidence in the record to support a particular award then there is logic and justification for the result and it is unlikely that no reasonable person would adopt the view taken by the trial court. Under these circumstances, there is no abuse of discretion.
At 544.
Following an examination of the record in the case before us, we find there is competent substantial evidence to support the award of rehabilitative, rather than permanent, alimony to the wife; thus, the trial court did not abuse its discretion.
We hasten to add that rehabilitative alimony is subject to modification upon a substantial change of circumstances. See Canakaris v. Canakaris, 382 So.2d at 1202. Thus, if warranted, the rehabilitative alimony awarded in this case can be revisited and be converted to permanent alimony if the lower court finds such modification justified.
Affirmed.
GRIMES, A.C.J., FRANK, J., and BOARDMAN, EDWARD F. (Ret.), J., concur.