483 So.2d 498 (1986)
Donald Eugene McLENDON, Jr., Appellant,
v.
Carolyn C. McLENDON, Appellee.
Nos. BF-56, BG-67.
District Court of Appeal of Florida, First District.
February 18, 1986.
*499 Samuel M. Hall, Pensacola, for appellant.
F.T. Ratchford, Jr., of Merritt, Ratchford & Searcy, Pensacola, for appellee.
ZEHMER, Judge.
Donald McLendon appeals from a final judgment of the trial court granting dissolution of marriage and awarding child support and costs and attorney's fees to his former wife, Carolyn McLendon. We reverse the award of costs and attorney's fees and remand for a redetermination of a reasonable amount of child support.
Both parents are gainfully employed. The trial judge ordered the husband to pay $700 per month child support
... because of the stressful situation brought upon the children by the husband because of his conduct toward the wife. Therefore I feel like she needs at least that amount of money with which to fund treatment therapy over the next year or two years, however long the wife deems it necessary these children be treated.
A trial court's discretion in determining the amount of child support to be awarded to the custodial parent is subject to the test of reasonableness, and there must be logic and justification for the result. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). In this case, the trial judge made no effort to determine the amount needed to support each child and the relative ability of each parent to contribute to that support. Moreover, since the record reflects that the husband's military employer will continue to provide for payment of the children's therapy treatments, the cost of these treatments may not serve as justification for the amount of support ordered to be paid.
The award of costs and attorney's fees pursuant to section 61.16, Florida Statutes (1983), must be based on the relative financial resources of the parties. It was therefore error for the trial judge to award fees and costs based on his finding regarding the role and fault of the husband in causing the breakup of the marriage.
REVERSED and REMANDED.
MILLS and SHIVERS, JJ., concur.