WIGGINTON, Judge.
The husband appeals that portion of the trial court’s order awarding permanent child support. Finding the trial court abused its discretion, we reverse.
At the time of the dissolution of the marriage, the parties were responsible for the care of four children: two children from the marriage, one child from a previous marriage of the wife, and one child from a previous marriage of the husband. For the support of the latter child, the husband is obligated by court order to pay $25 per week. In the final judgment dissolving the marriage, entered on April 23, 1985, the trial court found the husband to be a skilled laborer who was “grossly underemployed.” Due to the husband’s financial inability to meet the wife’s needs for child support as of the time of the final hearing, the court ordered appellant to pay temporary child support in the amount of $325 per month.
The hearing on the wife’s motion for an award of permanent child support was held on December 3, 1985. The husband established that his average net weekly income for the year 1985 to the date of the hearing was $173.29, $70.79 more than his average net weekly income as established by the April final judgment. His financial affidavit further showed that his expenses, taking into account the child support payments, exceeded his income by $247.77 per week, and he testified that he was forced to *606 incur debts to friends in order to meet his expenses. On the other hand, the wife’s affidavit established that, at the time of the hearing, her expenses were within approximately $30 of her income on a weekly basis, also taking into account the support payments.
Nevertheless, based on the above evidence, the trial court awarded child support at $740 per month, with $240 of that sum abated until the husband had the ability to pay it. As a result, the husband was left with approximately $32 per week on which to live.
Without challenging the actual abatement of child support, the husband argues that to obligate him to pay an amount exceeding by $240 that which the court found him able to pay is contrary to an established principle of law. The husband also argues that to leave him with only $32 per week constitutes an abuse of discretion on the trial court’s part. We agree with both contentions.
The established principle of Florida law to which the husband refers is that a party’s ability to pay is an essential consideration that must be demonstrated when a trial court imposes financial obligations upon him or her. DeHart v. DeHart, 360 So.2d 1285 (Fla.2d DCA 1978). It is certainly clear in the instant case that the husband does not have the ability to meet the financial obligation imposed upon him. To expect the husband to exist on $32 a week is simply unreasonable. See DeHart; and also Messal v. Messal, 424 So.2d 932 (Fla. 1st DCA 1983); deArmas v. deArmas, 471 So.2d 185 (Fla.3d DCA 1985); and Blum v. Blum, 382 So.2d 52 (Fla.3d DCA 1980).
In urging affirmance, the wife relies heavily on the trial court’s finding in the original final judgment of dissolution that the husband was “grossly underemployed.” She cites to the holding in Desilets v. Desilets, 377 So.2d 761 (Fla.2d DCA 1979), allowing the trial judge to impute an income to the husband according to what he could earn by use of his best efforts to gain employment equal to his capabilities, and on that basis to enter an award of alimony as if the husband were in fact earning the income so imputed. In that situation, it was held an award of alimony entirely exhausting the husband’s actual income may be a proper exercise of the court’s discretion.
Significant in Desilets was the fact that by the husband’s own testimony it was shown he had the current ability to earn more money. To the contrary, in the instant case, the evidence showed that the husband’s situation improved by only $70.79, still leaving him in penury by virtue of the permanent child support awarded.
The issue, of course, remains one of abuse of discretion, and we hold that the trial court indeed abused its discretion in this case. Recognizing that a significant period of time has elapsed since the order was entered, the trial court may choose to take additional testimony as to the present need and ability of the parties in order to fashion an equitable judgment. Accordingly, that portion of the order awarding child support is REVERSED, and the cause is REMANDED to the trial court for further proceedings consistent with this opinion.
MILLS and NIMMONS, JJ., concur.