493 So.2d 1117 (1986)
Johnnie McCRAY, Jr., Appellant,
v.
Joan Patricia McCRAY, Appellee.
No. BN-86.
District Court of Appeal of Florida, First District.
September 16, 1986.
Edward Siegel, of Adams, Rothstein & Siegel, Jacksonville, for appellant.
Brent D. Shore, of Tromberg, Shore, Harrison & Safer, Jacksonville, for appellee.
PER CURIAM.
The husband appeals from a final judgment of dissolution of marriage ordering him to pay alimony, child support, and a portion of the wife's attorney's fees. Although not challenged by him, the judgment also ordered the husband to pay fifty percent (50%) of the children's medical expenses not covered by insurance, and a joint hospital debt. We reverse that portion of the final judgment awarding the alimony, child support, and attorney's fees, and remand for further proceedings.
The husband argues that he does not have the financial ability to pay the amounts awarded, a necessary factor to be considered in all three awards. Starling v. Starling, 491 So.2d 605 (Fla. 1st DCA 1986); DeHart v. DeHart, 360 So.2d 1285 (Fla. 1978). The combined alimony and child support totaled, according to the husband's undisputed calculations, $487.13 per month. Added to that amount would be the three percent (3%) service charge of the domestic relations depository, increasing the total to $501.74 per month. As stated in the husband's financial affidavit, his net monthly salary is $1,319.26. Subtracting from that amount the monthly alimony and *1118 support obligations leaves the husband only $817.52 to meet monthly expenses of approximately $1,164.49 (monthly expenses less average support previously paid), a patently intolerable result, according to the husband's argument.
We disagree with the husband's conclusion that the evidence demonstrates that the husband does not have the financial ability to pay the amount awarded. By the husband's own calculations, the final judgment leaves him $817.52 monthly to meet his own living expenses. By comparison, the wife has available from her own earnings $743.36 per month, or $843.36 per month if her average of $100 per month net overtime is included. The husband's remaining income of $817.52 is roughly comparable, therefore, to the wife's income with overtime included. We note, however, that the wife has transportation expenses for herself and the two children (ages 6 and 13) which includes a car payment, which the husband does not have.
We recognize that various comparisons can be made and arguments presented, favoring one side or the other, based on the financial information presented. The point, however, which we emphasize, is that contrary to the husband's assumptions neither we nor the trial court are bound to accept to the dollar the living expense figures shown in the husband's financial affidavit. The trial court is free to weigh and consider such figures, and the others, in the light of all the evidence, and in the light of ordinary common sense and reason, and to accept or reject such evidence accordingly. Furthermore, it is not the province of this court to reevaluate the evidence to arrive at conclusions which we would consider more just or equitable.
However, we do find that reversal is indicated. As pointed out by appellant, the wife's affidavit discloses a need for only an additional $219.89 per month, not taking into account her overtime earnings, yet the award of alimony and child support amounts to $487.13 monthly. This appeal has been submitted to this court on an agreed statement of facts and the financial affidavits of the parties. There is nothing in this record to explain the monetary awards in excess of the wife's stated need. We may only surmise that the trial judge thought the wife underestimated her and the children's expenses, just as he might have thought the husband padded his expenses somewhat.
Since appellee has accepted the agreed statement of facts, which contains no reference to evidence which might support the award of alimony and child support in excess of the wife's stated need, and there is no finding or explanation contained in the final judgment, we reverse and remand to the trial court for reconsideration and adjustment of these awards, if found proper, or for entry of an amended judgment setting forth the basis for the awards after receiving further evidence or not, in the trial court's discretion. In the light of our disposition of the other awards, we reverse and remand also for reconsideration of the award of attorney's fees to the wife.
REVERSED and REMANDED.
ERVIN, SMITH and WIGGINTON, JJ., concur.