524 So.2d 1045 (1988)
Constance J. SCOTCHEL, Appellant,
v.
Guy W. SCOTCHEL, Jr., Appellee.
Guy W. SCOTCHEL, Jr., Appellant,
v.
Constance J. SCOTCHEL, Appellee.
Nos. 4-86-1782, 4-86-2909, 4-86-1934.
District Court of Appeal of Florida, Fourth District.
March 30, 1988.
Rehearing and Rehearing Denied June 6, 1988.
*1046 J. Mark Maynor of Beverly & Freeman, West Palm Beach, for appellant.
Neil B. Jagolinzer of Christiansen, Jacknin & Tuthill, West Palm Beach, for appellee.
Rehearing and Rehearing En Banc Denied June 6, 1988.
STONE, Judge.
In this appeal from a final judgment of dissolution, the wife contends that the trial court should have awarded alimony and child support consistent with the husband's income, as reflected by the life-style enjoyed by the parties. The wife additionally contests the equitable distribution award.
The parties were married 10 years and have two children. The wife is a college graduate, thirty-three years old, and in good health. She has worked as a school teacher, and has also helped in the family business. The husband manages a lounge owned by his parents.
The parties presented conflicting evidence as to the husband's income and their expenses. The wife argued that during the marriage they had spent over nine thousand dollars per month, and that she presently needed three thousand dollars per month living expenses. The husband, however, presented proof that his yearly income only approximated $49,000.00 per year. Conflicting testimony was offered as to whether certain sums received from the husband's parents were gifts or income. There was also a question as to whether the husband had an equity interest in the business. Each party offered expert accountant testimony to support their claims.
The trial court concluded that the husband's account of his income was correct, and that the parties had simply lived beyond their means during the marriage. The court also determined that the husband had no ownership interest in the lounge.
The judgment correspondingly provided for child support of eight hundred dollars per month, and rehabilitative alimony of four hundred dollars per month, for eighteen months. As equitable distribution of the parties' assets, the trial court also awarded the wife the marital home, which included eighty thousand dollars in equity, the furniture and jewelry, and fifteen thousand dollars in cash. The husband was awarded a townhouse, with twenty-five thousand dollars in equity, and fifty-nine thousand dollars in cash.
The wife does not contend that there was an abuse of discretion based on the husband's reported income. She contends, however, that the award must be consistent with the husband's income as reflected by the previous life-style enjoyed by the parties. She correctly argues that income may be imputed to a spouse even if it is difficult to clearly establish its source. See Seitz v. Seitz, 471 So.2d 612 (Fla. 3d DCA 1985).
The trial court, however, clearly rejected her account of his income and their expenses. A trial court may properly discount evidence of standard of living under such circumstances. Sheiman v. Sheiman, 472 So.2d 521 (Fla. 4th DCA 1985), rev. denied, 486 So.2d 597 (Fla. 1986). We have reviewed the record and find no abuse of discretion. E.g., Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980); Hartley v. Hartley, 399 So.2d 1126 (Fla. 4th DCA 1981). The record also supports a conclusion that the wife can be self supporting, and, therefore, no abuse of discretion occurred by failing to make the alimony award permanent. Canakaris v. Canakaris; Marlow v. Marlow, 464 So.2d 717 (Fla. 2d DCA 1985); Campbell v. Campbell, 432 So.2d 666 (Fla. 5th DCA 1983), rev. dismissed, 453 So.2d 1364 (Fla. 1984).
As to the equitable distribution, although the wife does not dispute that the total assets were evenly divided, she does argue that the trial judge failed to award her a sufficient amount of liquid assets. See Holley v. Holley, 380 So.2d 1098 (Fla. 2d DCA 1980). However, we cannot conclude that this was an abuse of discretion since the wife did receive a majority of the value of the combined assets, a portion of the cash, and rehabilitative alimony. Canakaris v. Canakaris.
Finally, we find no error in the trial court's order directing the husband to pay only a portion of the wife's accountant's *1047 bill, nor do we find that the court abused its discretion in directing the husband to pay the wife's attorney's fees. E.g., Canakaris v. Canakaris; Hirst v. Hirst, 452 So.2d 1083 (Fla. 4th DCA 1984).
The final judgment is, therefore, affirmed except that we remand for a determination of whether the judgment should be amended to provide for medical and hospitalization insurance for the children. It is apparent from the record on rehearing that the trial court intended that the father be required to furnish medical insurance coverage for the children, but that the judgment was not amended accordingly.
ANSTEAD and DELL, JJ., concur.