530 So.2d 508 (1988)
Frank PALMER, Appellant,
v.
Silvia PALMER, Appellee.
No. 88-1976.
District Court of Appeal of Florida, Third District.
September 6, 1988.
Gerald T. Engel Kendall, and Charles Baron, for appellant.
Armando Lacasa, Coral Gables, for appellee.
Before SCHWARTZ, C.J., and HUBBART and NESBITT, JJ.
PER CURIAM.
The contempt order under review may not stand because, while the evidence may be sufficient to support both forms of contempt,[1] the proceedings below do not sustain either one. The order itself is fatally defective if treated as one of civil contempt because it contains neither a finding of present ability to pay, Bowen v. Bowen, 471 So.2d 1274 (Fla. 1985), nor an appropriate purge provision. See Hammond v. Sandstrom, 376 So.2d 466 (Fla. 3d DCA 1979). Similarly, no finding of criminal contempt may be upheld because the provisions of Florida Rule of Criminal Procedure 3.840, which are indispensable to such a conclusion, were not followed below. Accordingly, the order below is vacated and the cause remanded for further proceedings under either or both types of contempt.
Vacated and remanded with directions.
NOTES
[1] We specifically reject the appellant's contention that his obligation to pay may not be enforced by contempt. Cf. Riley v. Riley, 509 So.2d 1366 (Fla. 5th DCA 1987).