538 So.2d 1370 (1989)
Willie C. COBB, Appellant,
v.
Edythe COBB, Appellee.
No. 87-2773.
District Court of Appeal of Florida, Third District.
February 28, 1989.
*1371 Leon E. Sharpe, Miami, for appellant.
Richard M. Gale, Miami, for appellee.
Before HUBBART, NESBITT and BASKIN, JJ.
PER CURIAM.
This is an appeal by the former husband Willie C. Cobb from a final judgment of marriage dissolution which (a) awards the former husband's one-half interest in the marital home to the former wife as lump sum alimony, (b) awards the former wife custody of the parties' minor child and $115 per week in child support, and (c) awards attorney's fees to the former wife. Both parties are employed and earn roughly the same income; the parties' only substantial marital asset is the marital home. We reverse and remand for further proceedings based on the following briefly stated legal analysis.
First, the lump sum alimony award cannot stand because it strips the former husband of his only substantial asset. The trial court's reliance on the former husband's pension cannot justify this result because no competent evidence was adduced below as to the value of such pension. The trial court merely accepted the unsubstantiated assertions of the former wife's counsel as to the pension's value; clearly, this was an insufficient evidentiary showing. This being so, the lump sum alimony award was arbitrary and must be reversed. Satanonchai v. Satanonchai, 522 So.2d 1030, 1031 (Fla. 3d DCA 1988); Harris v. Harris, 498 So.2d 1046 (Fla. 3d DCA 1986); Bullard v. Bullard, 413 So.2d 1238, 1239 (Fla. 3d DCA 1982); Pike v. Pike, 332 So.2d 147, 148 (Fla. 3d DCA 1976).
Second, the child support award cannot stand because (a) no evidence was adduced below to establish the needs of the parties' minor child, and (b) the award places the entire burden of child support on the former husband, rather than on both the parties who are equally able to support the child. See DeArmas v. DeArmas, 471 So.2d 185 (Fla. 3d DCA 1985); Smith v. Smith, 500 So.2d 174, 175 (Fla. 1st DCA 1986); McLendon v. McLendon, 483 So.2d 498, 499 (Fla. 1st DCA 1986); Doane v. Doane, 279 So.2d 46 (Fla. 4th DCA 1973).
Third, the former wife confesses error as to the award of attorney's fees. This confession of error is well taken because it is plain that both parties are of equal financial status and should bear their own attorney's fees and costs. Seitz v. Seitz, 471 So.2d 612, 615 (Fla. 3d DCA 1985); Arsht v. Arsht, 467 So.2d 421 (Fla. 3d DCA 1985); Poppe v. Poppe, 412 So.2d 38 (Fla. 3d DCA 1982).
Fourth, we see no abuse of discretion in the balance of the trial court's rulings in the final judgment but nonetheless reverse the subject judgment in its entirety to allow the trial court to reevaluate the entire case upon remand and arrive at a fair and just result. In so doing, the trial court is free, in its discretion, to take additional *1372 testimony on (a) the value of the parties' respective pensions, if any, (b) the actual financial needs of the minor child, and (c) any other matter deemed appropriate under the circumstances. See Elenewski v. Elenewski, 528 So.2d 1354, 1355 (Fla. 3d DCA 1988); Meloan v. Coverdale, 525 So.2d 935, 937-38 (Fla. 3d DCA), rev. denied, 536 So.2d 243 (Fla. 1988); McCray v. McCray, 493 So.2d 1117, 1118 (Fla. 1st DCA 1986).
REVERSED AND REMANDED.