547 So.2d 1012 (1989)
James D. SCAPIN, Appellant,
v.
Barbara Ann SCAPIN, Appellee.
No. 89-262/1163.
District Court of Appeal of Florida, First District.
August 15, 1989.
Barry W. McCleary, Pensacola, for appellant.
R. John Westberry, Pensacola, for appellee.
MINER, Judge.
James D. Scapin appeals a final judgment of dissolution of marriage and a non-final order finding him in contempt pending his compliance with purge options to satisfy court ordered obligations. He contends that the trial court failed to follow statutory standards when imputing income based on his voluntary reduction of income, and that the trial court's contempt finding was improper for failure to specifically determine that he had a present ability to pay and purge himself of contempt. We affirm.
*1013 A determination of child support and alimony is within the sound discretion of the trial court, subject to the statutory guidelines and the test of reasonableness. Section 61.30 Florida Statutes (1987); Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla. 1980); Aycock v. Aycock, 433 So.2d 680 (Fla. 5th DCA 1983). Before the court may impose financial obligations upon a spouse, it must determine that he or she has the ability to pay the obligations imposed. Starling v. Starling, 491 So.2d 605 (Fla. 1st DCA 1986).
Section 61.30(2)(b) provides that when the trial court finds that a parent is voluntarily unemployed or underemployed, income shall be imputed based upon the employment potential and probable earnings level of the parent taking into consideration his or her recent work history, occupational qualifications and prevailing earnings level in the community.
It can be reasonably inferred from the record on appeal that the trial court found that appellant voluntarily reduced his income and had the ability to pay the obligations imposed. These findings are supported by competent substantial evidence. Appellant admitted that in 1981, when he was working as an air traffic controller, he voluntarily and illegally struck against the federal government, and that this action had precluded his employment in similar government jobs. He admitted that he has not reapplied for any suitable government positions commensurate with his abilities. The record indicates that he has voluntarily resigned himself to underemployment in his lawn care business, despite equipment problems, unreliable seasonal income and failing health.
Having found that appellant had the ability to earn if he so desired, the trial court could consider his earning capacity as well as his actual income, impute an income to him according to what it determined he could earn by use of his best efforts to gain employment equal to his capabilities, and on that basis enter a support award as if he were in fact earning the income so imputed. Bielecki v. Bielecki, 505 So.2d 546, 547 (Fla. 1st DCA 1987); Maddux v. Maddux, 495 So.2d 863 (Fla. 4th DCA 1986). Income a spouse was capable of earning may be imputed in determining the amount of court ordered obligations, even if the result requires a spouse to pay support which entirely exhausts the actual income. Ward v. Ward, 502 So.2d 477 (Fla. 3d DCA 1987); Maddux; Bradley v. Bradley, 347 So.2d 789 (Fla. 3d DCA 1977). Moreover, income may be imputed to a former spouse for purposes of awarding alimony and child support, even if it is difficult to establish its source. Scotchel v. Scotchel, 524 So.2d 1045 (Fla. 4th DCA 1988).
The trial court imputed to appellant an annual income of $24,000. The record indicates the court compared appellant's occupational qualifications and work history as an air traffic controller, earning approximately $32,000 annually, with his current employment as a lawn care specialist, earning $8,715 annually, together with additional income from concurrent secondary employment. The record also indicates the trial court considered appellant's education and training in these employments with prevailing community standards. Despite the fact that the appellant has entirely exhausted his actual income and despite the difficulty in ascertaining the amount of his actual income, the record contains competent substantial evidence which supports the trial court's determination of a reasonable income imputed to appellant upon which to base the child and spousal support order.
Appellant also challenges the trial court's order holding him in contempt for failure to comply with final judgment provisions requiring him to pay child support and rehabilitative alimony. He contends that the trial court abused its discretion by finding him in contempt without finding that he had the present ability to pay the court ordered obligations. In the order, the trial court found that appellant had the financial ability to pay the court ordered obligations and wilfully refused to do so. It sentenced him to 90 days incarceration but suspended the sentence and offered appellant options by which he could purge *1014 himself of the contempt. The order provided that if appellant failed to comply with the purge provisions, "... upon affidavit from the former wife of his non-compliance, an Order will be entered for his commitment to the custody of the Sheriff of Escambia County, to serve the 90 day period of incarceration, as set forth above."
We find no error in this order provided that the trial judge and not the former wife determines whether the contemnor has failed to comply with purge provisions contained in its contempt order and whether the contemnor has the present ability to comply before incarceration is ordered. See Bowen v. Bowen, 471 So.2d 1274 (Fla. 1985).
AFFIRMED.
BOOTH and JOANOS, JJ., concur.