553 So.2d 319 (1989)
James D. SCAPIN, Appellant,
v.
Barbara Ann SCAPIN, Appellee.
No. 89-2573.
District Court of Appeal of Florida, First District.
December 4, 1989.
*320 James L. Chase, Pensacola, for appellant.
R. John Westberry, Pensacola, for appellee.
SHIVERS, Chief Judge.
The former husband appeals from a contempt order finding him in civil contempt and ordering his commitment to jail unless he purges himself of contempt by remitting $1524.00 to the clerk of court. We reverse and remand.
By final judgment dissolving the parties' marriage, the trial court imposed upon the former husband child support and rehabilitative alimony obligations based upon an imputed income of $24,000 per year.
Subsequently, the former wife filed a motion for contempt and the trial court entered an order finding him in contempt pending his compliance with purge options to satisfy court ordered obligations. The former husband appealed. We affirmed in Scapin v. Scapin, 547 So.2d 1012 (Fla. 1st DCA 1989) noting, inter alia, the contempt order's allowance that if the former husband failed to comply with the purge provisions, the former wife was free to file an affidavit of noncompliance and the court would order his commitment to custody. We upheld the court "provided that the trial judge and not the former wife determines whether the contemnor has failed to comply with purge provisions contained in its contempt order and whether the contemnor has the present ability to comply before incarceration is ordered." Id. at 1014 (citing Bowen v. Bowen, 471 So.2d 1274 (Fla. 1985)).
On September 8, 1989, following a motion by the former wife, the trial court entered a contempt order ordering the husband to be incarcerated for 60 days or until he sooner pays the purge amount on or before noon September 11, 1989. The court found that "the former husband had the financial ability to pay the child support and rehabilitative alimony previously ordered, based upon his imputed income of $24,000 per year, and willfully refused to do so." The former husband appealed this order.
The court's finding that the former husband "had" the financial ability to pay "based upon his imputed income of $24,000 per year" falls short of the requirement set out in Bowen v. Bowen, 471 So.2d 1274 (Fla. 1985) that the court make a separate, affirmative finding that the contemnor possesses the present ability to comply with the order's purge conditions.
Implicit in the Florida Supreme Court's analysis in Bowen, is that the notion of present ability to pay means that the contemnor have actual resources that could be used to purge himself of contempt. The court held that "[i]n determining whether the contemnor possesses the ability to pay the purge amount, the trial court is not limited to the amount of cash immediately available to the contemnor; rather, the court may look to all assets from which the amount might be obtained." Id. at 1279 (emphasis in original). Conversely, if a civil contemnor is without any assets or cash to pay the purge amount, a trial court cannot jail him for civil contempt. A finding that a civil contemnor had an ability to pay based upon a previous judicial imputation of income to him is not tantamount to a finding that the contemnor is currently vested with actual resources with which to purge a contempt order.
We REVERSE and REMAND for further proceedings consistent with Bowen.
ERVIN and NIMMONS, JJ., concur.