596 So.2d 675 (1991)
William H. MARSHALL, Jr., Appellant,
v.
Savilla K. MARSHALL, Appellee.
No. 91-00812.
District Court of Appeal of Florida, Second District.
November 22, 1991.
Arthur Liebling, Arthur Liebling, P.A., Clearwater, for appellant.
Mark E. Becker, Clearwater, for appellee.
LEHAN, Judge.
The husband in this dissolution action challenges the distribution of property and alimony and child support awards in the final judgment dissolving the marriage of the parties. We reverse and remand for further proceedings for the reasons explained below.
First, the lump sum alimony award should be reversed and reevaluated because, by awarding the marital home to the wife, the final judgment appears to leave the former husband with no part of the only substantial asset of the marriage which was shown by competent evidence to exist. No necessity or legal justification for that award appears. See Savage v. Savage, 556 So.2d 1213 (Fla. 2d DCA 1990). The trial court may have relied upon the husband's pension as justification. However, there was not sufficient, competent evidence adduced as to the value of the pension, nor did the trial court make any finding in that regard. The wife merely testified that she "believe[d] the value of his pension is anywhere from three to five thousand dollars." See Cobb v. Cobb, 538 So.2d 1370 (Fla. 3d DCA 1989).
Second, the amount of the child support award should be reversed and reevaluated. The wife appears to be voluntarily underemployed, and, in arriving at the amount of the child support award, the trial court is not shown to have imputed to her the income which the evidence indicates she could earn. There was no finding by the court of a need for the mother to be underemployed in order to stay home with the children in her custody, see § 61.30(2)(b), Fla. Stat. (1989); in fact, it appears that the court felt otherwise. Nor does it appear that the husband's ability to pay the amount of the child support award was addressed, taking into account the support to be provided by the husband to the children in his custody.
Finally, in light of the foregoing we also reverse the award to the wife of permanent periodic alimony to allow the trial court to reevaluate the entire case and arrive at a fair result upon remand. See Cobb, 538 So.2d at 1371.
RYDER, A.C.J., and PARKER, J., concur.