DAUKSCH, Judge.
This is an appeal from an order on the former wife/appellee’s motion for contempt. Appellant, the former husband, argues that the order is defective because it lacks an affirmative finding of his present ability to pay. We agree and reverse.
In Bowen v. Bowen, 471 So.2d 1274 (Fla.1985), the Supreme Court of Florida noted:
... a present ability to purge is a prerequisite to incarceration for civil con-tempt_ [I]ncarceration cannot be imposed upon a civil contemnor for willfully failing to comply with a court order unless the court first determines that the contemnor has the present ability to purge himself of contempt.
Bowen, 471 So.2d at 1278. The Bowen court emphasized that once the court finds a civil contempt has occurred and if incarceration is deemed appropriate, “the court must make a separate, affirmative finding that the contemnor possesses the present ability to comply with the purge conditions set forth in the contempt order.” 471 So.2d at 1279.
In the instant case, the court ordered appellant to serve 179 days in jail, having found appellant “will have the ability to pay his child support, but he does not have the present ability to purge himself of contempt.” This language is not sufficient to meet the standard of Bowen. It is well settled that a finding of past ability to pay is insufficient to support a contempt order, Broyles v. Broyles, 573 So.2d 357, 360 (Fla. 5th DCA1990), rev. dismissed, 584 So.2d 997 (Fla.1991); Scapin v. Scapin, 553 So.2d 319 (Fla. 1st DCA1989), and it follows that a finding of future ability to pay is likewise insufficient. “Because incarceration is utilized solely to obtain compliance, it must be used only when the contemnor has the ability to comply. This ability to comply is the contemnor’s ‘key to his cell.’ ” Bowen, 471 So.2d at 1277; Broyles, 573 So.2d at 360.
REVERSED.
GOSHORN, C.J., and HARRIS, J., concur.