622 So.2d 587 (1993)
Steven O'Neal EDWARDS, Appellant,
v.
Brenda SANDERS, f/k/a Brenda Edwards, Appellee.
No. 92-4402.
District Court of Appeal of Florida, First District.
August 10, 1993.
Mark D. Davis, Ramey & Davis, DeFuniak Springs, for appellant.
Brenda Sanders, pro se.
*588 PER CURIAM.
Appellant Steven O'Neal Edwards appeals the trial court's entry of an order requiring him to pay child support of $200.00 per month retroactive to May 18, 1990. We reverse and remand.
As evidenced by the stipulated statement submitted, the parties to this appeal are in essential agreement as to the facts adduced in the trial court. We find it unnecessary to detail these facts because the trial court's order is legally insufficient to support the award of child support. The order appealed states:
[I]t is appropriate to set a child support amount based on an imputation of minimum wage to the Former Husband. The Court recognizes that at this time, the Former Husband may not be able to pay the total amount of this support; however, given his serious medical problems, his pending claim with Social Security and the children's need to have an amount of child support established so that it may then vest, it is therefore ORDERED that Steve Edwards shall pay as child support to Brenda Edwards the sum of $200 per month, beginning May 18, 1990, the date the Former Wife filed her Petition for Modification.
The trial court's order, on its face, reveals its legal insufficiency.
Before the court may impose financial obligations upon a spouse, it must determine that he or she has the ability to pay the obligations imposed.
Scapin v. Scapin, 547 So.2d 1012 (Fla. 1st DCA 1989) (citing Starling v. Starling, 491 So.2d 605 (Fla. 1st DCA 1986)).
In the present case, the trial court's order imputes earnings equivalent to the prevailing minimum wage to appellant. Imputation of earnings has been deemed proper where the court finds that a spouse has failed to use his or her best efforts to earn income. See Scapin, supra, and Desilets v. Desilets, 377 So.2d 761 (Fla. 2d DCA 1979). In the present case, however, the trial court made no finding that the husband failed to use his best efforts to secure employment. Therefore, imputation of income was inappropriate.
Next, the trial court's order expressly recognizes that appellant "may not be able to pay the total amount of this support." The former wife argues that the order should be construed to mean that the husband may not be able to pay the arrearage in one lump sum. Even if the order were so construed, however, such interpretation would not rectify the absence of a specific finding of appellant's present ability to pay $200.00 monthly.
Next, the trial court's order anticipates appellant's receipt of social security benefits in light of appellant's serious medical problems. The trial court's reliance on these anticipated benefits was erroneous. See Kernan v. Kernan, 495 So.2d 275 (Fla. 5th DCA 1986) (error to award alimony on strong likelihood of benevolent action on the part of the IRS); cf. Marks v. Marks, 576 So.2d 859 (Fla. 3d DCA 1991) (evidence that one of payor's construction firms was "near" bankruptcy insufficient to support reduction of alimony).
Because the trial court failed to find that appellant has a present ability to pay the child support awarded, the trial court's order must be reversed. This does not mean, however, that the record would not contain competent, substantial evidence to support an award of child support in any amount. The determination of such an award, however, must be predicated on a specific finding of ability to pay.
REVERSED and REMANDED for further consistent proceedings.
BOOTH, MINER and ALLEN, JJ., concur.