636 So.2d 814 (1994)
John C. STODTKO, Appellant,
v.
Celia A. STODTKO, Appellee.
No. 93-1692.
District Court of Appeal of Florida, Third District.
May 3, 1994.
Sharon Lee Stedman, Orlando, for appellant.
Cynthia A. Greenfield, Coral Gables, for appellee.
Before SCHWARTZ, C.J., and HUBBART and GERSTEN, JJ.
PER CURIAM.
This is an appeal by the former husband John C. Stodtko from a final judgment of marriage dissolution. We agree with the former husband that the trial court committed reversible error in imputing $10.00 an hour on a forty-hour work week or $400 a week as income to the former husband for the purpose of determining child support in this case. We, accordingly, reverse as to this aspect of the final judgment and affirm in all other respects.
It is undisputed on this record that the former husband is a construction worker who never earned more than $7.61 an hour in his line of work. He has since moved from *815 Dade County to Orange County where he is earning less money per hour as a construction worker; there is also some opinion evidence that a person with his employment skills could have arguably earned $10.00 an hour in the future as a construction worker had he stayed in Dade County, although admittedly he never before earned such income. The law seems clear that for child support purposes income can be imputed to a former spouse at a level which the former spouse has, in fact, earned in the past, but, absent special circumstances, not at a level which, as here, the former spouse has never before earned in his/her current line of work. See Work v. Provine, 632 So.2d 1119 (Fla. 1st DCA 1994); Polley v. Polley, 588 So.2d 638, 641 (Fla. 3d DCA 1991); Scapin v. Scapin, 547 So.2d 1012 (Fla. 1st DCA 1989); Desilets v. Desilets, 377 So.2d 761 (Fla. 2d DCA 1979). Consequently, it was error for the trial court to impute income to the former husband at $10.00 an hour or $400 a week; the trial court should have instead imputed income to the husband up to a maximum of $7.61 an hour on a forty-hour work week which is the highest income the former husband earned before he voluntarily left Dade County to work for less money in Orange County.
We find no merit in the remaining point on appeal urged by the former husband. Accordingly, the final judgment under review is reversed solely as to (1) the trial court's finding that the former husband has an imputed income of $10.00 an hour as a construction worker, and (2) the child support award of $602.50 a month based on such erroneously imputed income; in all other respects, however, the final judgment under review is affirmed; the cause is remanded to the trial court with directions (1) to impute income to the former husband up to a maximum of $7.61 an hour on a forty-hour work week, and (2) to set a lower child support award based on this imputed income.
Affirmed in part; reversed in part and remanded.