662 So.2d 1314 (1995)
Paul L. THILEM, Appellant,
v.
Harriet L. THILEM, Appellee.
No. 94-1936.
District Court of Appeal of Florida, Third District.
October 25, 1995.
Rehearing Denied December 6, 1995.
*1315 Ellen G. Lyons, and Bette Ellen Quiat, Miami, for appellant.
Maria Brea Lipinski and John H. Lipinski, Hollywood, for appellee.
Before HUBBART, JORGENSON and GERSTEN, JJ.
*1316 PER CURIAM.
Appellant, Paul Thilem, appeals a final judgment of dissolution of marriage. We reverse, finding the trial court erred in computing the alimony, child support, and attorney's fees awards.
First, the trial court must reevaluate the wife's permanent periodic alimony award. Most notably, the trial court's order lacks findings that the wife needs alimony support and that the husband has the present ability to pay. Kernan v. Kernan, 495 So.2d 275 (Fla. 5th DCA 1986); Shapiro v. Shapiro, 452 So.2d 81 (Fla. 1st DCA 1984). Rather, the trial court seems to base the alimony award on the fact that the husband once "contributed" $49,000 to the marriage in 1992.
While a trial court may base an alimony award on past earnings, Stodtko v. Stodtko, 636 So.2d 814 (Fla. 3d DCA 1994), and may consider the family's standard of living during the marriage to determine a spouse's ability to pay, Cook v. Cook, 574 So.2d 281 (Fla. 2d DCA 1991), the record here clearly shows that the family lived beyond its means. Sporadic loans from relatives supported much of the family's activities, and these cannot be considered reliable income when evaluating the family's standard of living. Garlick v. Garlick, 38 So.2d 222 (Fla. 1948); Sol v. Sol, 656 So.2d 206 (Fla. 3d DCA 1995); Bob v. Bob, 310 So.2d 328 (Fla. 3d DCA 1975). Thus, the trial court erred in heavily considering the family's activities, without an accurate evaluation of the family's regular incomes or a competent finding of the husband's present ability to pay. See Bob, 310 So.2d at 328; Sol, 656 So.2d at 207-08; Shiveley v. Shiveley, 635 So.2d 1021 (Fla. 1st DCA 1994); accord Scotchel v. Scotchel, 524 So.2d 1045 (Fla. 4th DCA 1988).
The alimony award is troublesome for another reason as well. This award required the husband to pay $1000 monthly in permanent periodic alimony, but is reviewable in five years. Permanent periodic alimony, however, may be terminated or otherwise modified only upon proof of substantial change in circumstances, such as the recipient spouse's remarriage. Kalmutz v. Kalmutz, 299 So.2d 30 (Fla. 4th DCA 1974); see Sternberg v. Sternberg, 320 So.2d 863 (Fla. 1st DCA 1975). To limit the duration of permanent periodic alimony or require review of the award in a certain number of years is error. See Colletti v. Colletti, 411 So.2d 926 (Fla. 3d DCA 1982); Davidson v. Davidson, 410 So.2d 943 (Fla. 4th DCA 1982), rev. denied, 421 So.2d 67 (Fla. 1982).
Second, the trial court must reevaluate the child support award. The child support guidelines require the trial court to impute income to a voluntarily underemployed parent's earnings. § 61.30(2)(b), Fla. Stat. (1993). Underemployment is voluntary in the absence of physical or mental incompetence or other uncontrollable circumstances. § 61.30(2)(b); Polley v. Polley, 588 So.2d 638 (Fla. 3d DCA 1991).
Foremost, the trial court erred in failing to distinguish gross from net income, which is crucial to properly applying the guidelines. See § 61.30(2)(b), (6), (9), Fla. Stat. (1993); Moss v. Moss, 636 So.2d 164 (Fla. 4th DCA 1994). In imputing income, the trial court also failed to consider each parent's full and present earning capacity as reflected by the record. See § 61.30(2)(b), Fla. Stat. (1993); Brooks v. Brooks, 602 So.2d 630 (Fla. 2d DCA 1992); Gildea v. Gildea, 593 So.2d 1212 (Fla. 2d DCA 1992); Marshall v. Marshall, 596 So.2d 675 (Fla. 2d DCA 1991); Caskey v. Pratt, 540 So.2d 253 (Fla. 4th DCA 1989); Palmer v. Palmer, 530 So.2d 508 (Fla. 3d DCA 1988). Specifically, the record reflects the wife performed secretarial duties while married and failed to seek similar work when the parties separated. Yet the trial court unexplainably determined she could earn only $6000 annually from substitute teaching. Similarly, the trial court erred in basing the support calculations on an amount the husband once "contributed" to the marriage without setting forth the income sources or determining he actually could or did earn that amount. See Levine v. *1317 Best, 595 So.2d 278 (Fla. 3d DCA 1992); Seilkop v. Seilkop, 575 So.2d 269 (Fla. 3d DCA 1991); Hogle v. Hogle, 535 So.2d 704 (Fla. 5th DCA 1988); Palmer, 530 So.2d at 508; cf. Stodtko, 636 So.2d at 814 (holding that a court may impute income based on a voluntarily underemployed spouse's actual prior earnings).
Further, the trial court failed to consider the support the husband provides to the child in his custody. See Marshall, 596 So.2d at 675. The trial court apparently reasoned that because each parent has custody of one child, the guidelines amount designated as support for one child should be applied separately to both children, instead of applying the amount designated for two children. By considering each child's support separately under the guidelines, the trial court, in effect, exceeded the minimum guidelines amount without specific findings regarding each child's needs and the husband's ability to pay. See § 61.30(1)(a); Winters v. Katseralis, 623 So.2d 613 (Fla. 2d DCA 1993). Under the requirements of section 61.30(9), the trial court had already considered the husband's greater ability to pay when it calculated the percentage each parent should pay. However, to place the burden on the husband again by neglecting to consider the husband's support of the child in his custody warrants reversal. See Winters, 623 So.2d at 613.
Finally, on remand, the trial court must reconsider the award of attorney's fees to the wife, justifying its award, if any, with specific findings. In light of the other errors in the trial court's order, this Court cannot accurately evaluate if the husband is in the best financial position to pay for the wife's attorney's fees. See Kovar v. Kovar, 648 So.2d 177 (Fla. 4th DCA 1994); Keaton v. Keaton, 634 So.2d 798 (Fla. 4th DCA 1994); Armstrong v. Armstrong; 623 So.2d 1216 (Fla. 4th DCA 1993); Brogdon v. Brogdon, 530 So.2d 1064 (Fla. 1st DCA 1988).
Reversed and remanded with instructions.