711 So.2d 1316 (1998)
Carlos A. IGLESIAS, Appellant,
v.
Pauline P. IGLESIAS, Appellee.
No. 96-03987.
District Court of Appeal of Florida, Second District.
June 3, 1998.
Richard C. Reinhart of Reinhart & Moreland, Bradenton, for Appellant.
Gerald C. Surfus of Law Office of Gerald C. Surfus, Sarasota, for Appellee.
PATTERSON, Acting Chief Judge.
Carlos Iglesias appeals from a final judgment of dissolution of marriage which imputes income to him for the purpose of child support. We reverse.
The parties were married in New York in 1986 and had two children. In 1996 the wife filed her petition for dissolution of marriage in Florida. The husband, who resides in New York, appeared at the final hearing pro se. The family home, with little equity, was the parties' sole asset. The husband testified that he is an unemployed roofing mechanic who has never earned more than $12 per hour. His 1995 W-2 statement, which was attached to his financial affidavit, showed income for that year of $1,374. The wife testified that he had earned $22.50 an hour in New York prior to their move to Florida. The husband denied that to be true and the wife offered nothing in support of her statement.
*1317 The wife then entered into evidence the employment section of The Herald Statesman, a New York newspaper, for two different dates, July 7 and 14, 1996. These employment ads reflected five job offers for roofers with pay between $10 and $20 per hour. Several ads required experience and/or tools.
Relying on these ads, the trial court imputed income to the husband at $20 per hour for forty hours a week and then reduced that amount by 5% on the probability that there would be less work in the winter months. These conclusions are not supported by the record. There is nothing to indicate that any of these jobs are available to the husband, and if so, at what rate of pay. There is nothing to establish the husband's ability to be employed forty hours per week on a nearly year-round basis. We have sympathy for everyone involved in this case: for the wife and children who need support and are not receiving it; for the husband who says he loves his children and wants to support them but cannot find a job; for the trial court which tried to resolve a difficult issue without adequate proof; and for the wife's lawyer who is working for free. We are, nonetheless, required to reverse and remand for further proceedings on the issue of child support. See Stodtko v. Stodtko, 636 So.2d 814 (Fla. 3d DCA 1994). We affirm the final judgment in all other respects.
Reversed and remanded.
BLUE and GREEN, JJ., concur.