ERVIN, J.
We reverse the order granting temporary support to appellee. The trial court’s order implicitly found that the husband was voluntarily unemployed or underemployed, but it failed to make the appropriate findings regarding the amount of net income imputed to the husband under section 61.30, Florida Statutes (1999). See Scapin v. Scapin, 547 So.2d 1012 (Fla. 1st DCA 1989). Consequently, it is impossible to determine if the amount of temporary child support awarded is correct under section 61.30.
On remand, in order to protect, the award of temporary alimony and child support and the wife’s right to equitable distribution, the court may secure the award with whatever assets it deems appropriate. See §§ 61.08(3) & 61.13(1)(c), Fla. Stat. (1999); Stefanowitz v. Stefanowitz, 586 So.2d 460 (Fla. 1st DCA 1991).
REVERSED and REMANDED for further proceedings.
LAWRENCE and PADOVANO, JJ., CONCUR.