867 So.2d 1222 (2004)
Lisa H. OWEN, Appellant,
v.
Robert A. OWEN, Appellee.
No. 5D03-1900.
District Court of Appeal of Florida, Fifth District.
March 12, 2004.
Karen O'Brien Steger of Steger & Steger, P.A., Stuart, and Marcia K. Lippincott of Marcia K. Lippincott, P.A., Lake Mary, for Appellant.
Richard I. Wallsh of Chartered Law Offices of Troum & Wallsh, Winter Park, for Appellee.
PALMER, J.
Lisa H. Owen (the former wife) timely appeals the final dissolution judgment entered by the trial court in which (1) Robert A. Owen (the former husband) was awarded primary residential custody of the parties' minor children, and (2) an annual income of $66,000 per year was imputed to the former wife. Finding no abuse of discretion in the trial court's decision awarding primary residential custody to the former husband, we affirm as to that issue. However, finding that the former husband failed to meet the burden of proof necessary to impute income in the amount of *1223 $66,000 per year to the former wife, we reverse as to that issue.
With regard to the trial court's imputation of income, the evidence showed that the former wife's last full-time job was in 1995 and that she earned $33,000 per year at that time. Since that time, the former wife has earned a masters degree in electrical engineering, but has not been in the work force because she was the primary custodian of the parties' minor children.
Section 61.30 of the Florida Statute (2000) provides the following with regard to imputed income:
61.30 Child support guidelines; retroactive child support:
* * *
[2](b) Income on a monthly basis shall be imputed to an unemployed or underemployed parent when such employment or underemployment is found to be voluntary on that parent's part, absent physical or mental incapacity or other circumstances over which the parent has no control. In the event of such voluntary unemployment or underemployment, the employment potential and probable earnings level of the parent shall be determined based upon his or her recent work history, occupational qualifications, and prevailing earnings level in the community ...
Since the evidence was undisputed that at the time of the dissolution hearing the former wife was voluntarily unemployed, the trial court's imputation of income to her was appropriate. However, as the former wife aptly argues, it was error to impute income to her in an amount which exceeded the $33,000 she previously earned in the job market since the former husband failed to present evidence as to the availability in the community of jobs for the former wife and the salary which she could earn at those jobs. The only evidence presented by the former husband with regard to the imputation of income were two sets of statistics of which the trial court took judicial notice: (1) the U.S. Department of Labor Bureau of Labor Statistics Report that placed the 2000 national median annual earnings for electrical engineers at $64,910.00, and (2) the Career Center at Carnegie Mellon report for 2002 that placed the national median salary for masters prepared electrical and computer engineers at $66,000.00. Neither of these reports specifically address the availability of jobs in the area where the former wife resides nor the salary payable for jobs in the Central Florida area or, for that matter, in any community.
The Fourth District explained in Tarnawski v. Tarnawski, 851 So.2d 239 (Fla. 4th DCA 2003), that the trial court's finding regarding imputation of income must be supported by substantial competent evidence and it is error for the trial court to impute income to a spouse in an amount higher than the spouse has historically earned, absent special circumstances. The importance of determining income for the local community was shown in Stebbins v. Stebbins, 754 So.2d 903 (Fla. 1st DCA 2000), where the court held that the prevailing income in the community in which the person was located, not income that could have been earned from relocation, must be used in establishing the amount of income to impute. Other courts have held evidence of the nature utilized in this case insufficient. For example, in Hinton v. Smith, 725 So.2d 1154 (Fla. 2d DCA 1998), the court held that expert testimony establishing the prevailing earnings level for a particular degree does not constitute evidence sufficient to impute that amount of income for child support purposes. Similarly, in Iglesias v. Iglesias, 711 So.2d 1316 (Fla. 2d DCA 1998), the court found insufficient *1224 for purposes of imputed income evidence of the employment section of the newspaper where the husband resided, reflecting multiple jobs opening, noting there was nothing to indicate that any of these jobs were available to the husband, or what the rate of pay was.
The evidence presented in this case was woefully inadequate to support a finding of an imputed income of $66,000 for the former wife. Although the former husband presented evidence as to the former wife's work history (having earned $33,000 when last in the job market) and her occupational qualifications (having earned a masters degree in engineering), he presented absolutely no evidence regarding the "prevailing earnings level in the community."
Accordingly, we reverse the trial court's imputation of $66,000 in income to the former wife and remand this matter to the trial court to enter an amended order limiting imputed income to $33,000 per year.
AFFIRMED in part, REVERSED in part, REMANDED.
SAWAYA, C.J., and GRIFFIN, J., concur.