# Third District Court of Appeal

## State of Florida

Opinion filed May 29, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-519
Lower Tribunal No. 18-9270
_____

**Monica Athea,**
Appellant/Cross-Appellee,

vs.

**Steven Athea,**
Appellee/Cross-Appellant.

An Appeal from the Circuit Court for Miami-Dade County, Christina Marie DiRaimondo, Judge.

Laing, Weicholz, Schley, PLLC, and Chad R. Laing (Boca Raton), appellant/cross-appellee.

Rafool, LLC, Raymond J. Rafool and David R. Hazouri, for appellee/cross-appellant.

Before MILLER, GORDO and BOKOR, JJ.

GORDO, J.

Monica Athea ("Former Wife") appeals an amended final judgment of dissolution of marriage from Steven Athea ("Former Husband"). The Former Husband cross-appeals. We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A). We affirm in part and reverse in part.[1]

The parties were married in June 2007. In 2009, the Former Husband, along with his two business partners, formed Modani Holdings, LLC, a unique business which owns and operates modern retail design furniture stores throughout the United States. In April 2018, after eleven years of marriage, the Former Wife filed a petition for dissolution of marriage. The Former Husband filed an answer and a counterpetition. After an eight-day extensive trial featuring the testimony of the Former Wife, the Former Husband, their respective expert witnesses and the Guardian ad Litem, the trial court issued a very thorough eighty-two-page amended final judgment adjudicating all issues raised by the parties.

On appeal, the Former Wife argues the trial court erred in its valuation of assets in the equitable distribution scheme and specifically challenges the trial court's valuation of the Former Husband's business. Upon review of the record, we find there is competent substantial evidence to support the trial

---

[1] The Former Wife raises multiple issues on appeal, only two of which warrant discussion. We affirm the order under review in all other respects.

court's findings. In arriving at its valuation, the trial court relied on the testimony of the Former Husband's business valuation expert, who found that based upon the Former Husband's unique role and contributions to the business and the five-year non-compete covenant he signed, a significant amount of personal goodwill existed. As the record before us unquestionably includes this testimony, which the trial court found to be credible and reliable, we are compelled to affirm. See Pagan v. State, 830 So. 2d 792, 806 (Fla. 2002) ("The reviewing court is bound by the trial court's factual findings if they are supported by competent, substantial evidence."); Mowder v. Smith, 49 Fla. L. Weekly D324 (Fla. 3d DCA Feb. 7, 2024) (stating it is an appellate court's "duty to affirm those factual findings that are supported by competent, substantial evidence").

The Former Wife additionally argues the trial court erred in imputing a net monthly income to her in the amount of $3,333.33. We agree as the record lacks competent substantial evidence that the Former Wife had the ability to earn $40,000 a year in the relevant community. It is well-established that "any calculation as to amount of imputed income must consider evidence of the 'prevailing earnings level *in the community*.'" Sadlak v. Trujillo, 336 So. 3d 1275, 1278 (Fla. 3d DCA 2022) (quoting Gillespie v. Holdsworth, 333 So. 3d 278, 280 (Fla. 2d DCA 2022)). Here, the

3

Former Husband's expert CPA testified that she is not a vocational expert, she did not have information on the availability of specific jobs in the area for which the Former Wife qualifies, she did not have any analysis of the current local job market and she did not have information on prevailing wages in the community. Because courts require "particularized findings regarding work history, occupational qualifications, and the current job market in the community to support the imputation of income" and there are no such findings in our record, we find the trial court's imputation of the Former Wife's income in this case is not supported by competent substantial evidence. Broga v. Broga, 166 So. 3d 183, 185 (Fla. 1st DCA 2015); see also Rabbath v. Farid, 4 So. 3d 778, 782 (Fla. 1st DCA 2009) ("Before the trial court could impute income to Appellant, it had to make particularized findings relating to the current job market, Appellant's more recent work history, his occupational qualifications, and the prevailing earnings level in the local community where he and his family live."); Owen v. Owen, 867 So. 2d 1222, 1224 (Fla. 5th DCA 2004) ("Although the former husband presented evidence as to the former wife's work history (having earned $33,000 when last in the job market) and her occupational qualifications (having earned a masters degree in engineering), he presented absolutely no evidence regarding the 'prevailing earnings level in the community.'"). Accordingly, we reverse the

trial court's imputation of $3,333.33 in monthly income to the Former Wife and remand this matter to the trial court to enter an amended order limiting imputed income to $1,733.33 per month.[2]

Affirmed in part; reversed in part and remanded for entry of judgment consistent with this opinion.

---

[2] The Former Wife testified that she could earn an hourly rate of $10 per hour. Therefore, we direct the trial court to reduce the amount of imputed income to $1,733.33 per month, which represents an hourly rate of $10 per hour based upon a $20,800 gross annual income.