214 So.2d 15 (1968)
Warren Charles TRAYLOR, Appellant,
v.
Helen Graef TRAYLOR, Appellee.
No. J-312.
District Court of Appeal of Florida. First District.
August 13, 1968.
French C. Davis, Daytona Beach, for appellant.
Samuel P. Bell, of Black, Cobb, Cole, Crotty & Sigerson, Daytona Beach, for appellee.
CARROLL, DONALD K., Acting Chief Judge.
The defendant-husband in a divorce suit has appealed from a final decree entered by the Circuit Court for Volusia County granting the divorce and requiring the defendant to make certain child support and other payments.
The question presented for our determination in this appeal is whether the chancellor abused his judicial discretion in requiring the said payments, in the light of the defendant's financial situation. The appellant does not challenge the validity of the divorce itself.
In this consideration we recognize that at the evidentiary hearing in this case the chancellor sat as the trier of the facts, and so we have no authority to substitute our judgment for his on questions of fact so long as the evidence supports his findings of fact. See Cole v. Cole, 130 So.2d 126 (Fla.App. 1st 1961). In considering the question on appeal, therefore, we will accept the findings of fact as made by the chancellor in his final decree, since they are supported by the evidence.
In his final decree the chancellor ordered the defendant to pay to the plaintiff $150 a month for the support of each of the two infant children of the parties, for a total of $300 a month; to pay $1,300 on past due mortgage payments on the plaintiff's $47,000 home; to pay current mortgage payments in the amount of $116 a month until the mortgage is extinguished; to pay certain other debts in the total amount of $4,296.39; to pay $2,000 to the plaintiff's attorney as his fee for prosecuting the suit; and to pay all costs of the suit.
Concerning the earning capacity of the defendant, the chancellor found in the final decree that the defendant was employed with a gross salary of $50 weekly, *16 but the chancellor pointed out that the defendant was a college graduate and had for a period earned $6,000 a year and was capable of earning at least that much. The chancellor also took into consideration the defendant's potential interest in his father's living trust created by a 1961 indenture but admitted that the defendant had not received any income from the trust as of the date of the decree (August 14, 1967).
In other words, even though the defendant's income is actually about $200 a month, the chancellor in the final decree ordered him to pay $416 a month, or $216 more than his income. If the defendant should earn his hypothetical income of $500 a month, he would have left for his own living expenses only $84 a month  hardly enough for a man to live on in the present day. The chancellor required the defendant to pay shortly a total of $7,596.39 for the items listed above, plus costs of the suit. Also, the chancellor awarded to the plaintiff the former marital home, all personal property located therein, and any cars that were in her name.
In bearing the burdens imposed on him by the final decree, the defendant could obviously find small comfort in having, as the chancellor said, a "potential interest in his father's living trust * * * in which the Defendant has not received any income from as of this date." The chancellor does not state and the record does not show the value of the trust estate or the likelihood that the defendant's "potential interest" might be transformed into some amount of income, when he received no income whatsoever during the first six years of the trust's existence. We think that the possibility of such income is too remote and speculative to be considered in determining the amounts which a husband should pay in a divorce suit.
In the final decree the chancellor did not award alimony to the wife, but reserved jurisdiction as to that question.
In our opinion, therefore, the foregoing provisions of the final decree as to the payments which the defendant was required to make, were unreasonable and unfair in the light of the proven financial condition and capacity of the defendant.
For the foregoing reasons, the final decree appealed from herein should be, and it is, reversed as to those portions of the decree providing for payments to be made by the defendant, and the decree is otherwise affirmed, and the cause is remanded with instructions for further proceedings consistent with the views hereinabove expressed.
Affirmed in part and reversed in part.
JOHNSON, J., concurs.
RAWLS, J., concurs specially.
RAWLS, Judge (concurring specially).
This was a contested divorce proceeding, involving the usual proofs as well as custody of the children, visitation rights, division of property, support payments and award of attorney's fees. The points on appeal involve only the husband's financial ability and the monetary awards made in the decree. Therefore, there was no necessity to bring the entire record before this court. Nevertheless, the appellee, in seeking affirmance of the trial court's decree, relies strongly upon the following point on appeal:
"Appellant is precluded from appellate review of his assignments of error by his failure to furnish the appellate court with a complete record of all material evidence relating to the assignments of error."
Apparently, appellee has misconstrued the meaning of Florida Appellate Rule 3.6(d) (2), 32 F.S.A. and cases construing same. The subject rule entitled "Designation to Reporter" provides in part: "* * * the appellant, within the time for filing and serving assignments of error, shall file, and serve upon appellee, a designation *17 of such parts of said proceedings as he shall deem necessary for the appeal * * *." (Emphasis supplied.) This the appellant has done and the portions of the transcript of testimony that have been furnished to this court fully support appellant's assignments of error. The subject rule further provides: "Within 10 days thereafter, the appellee shall file and serve upon the appellant a designation of such additional parts of said proceedings as he shall deem necessary * * *." This the appellee failed to do. Appellee had the right and duty to direct the reporter to include those portions of the testimony that he deemed necessary. Such was his responsibility and he cannot now attempt to correct this deficiency by proffering in his brief such statements as: "Perhaps, the omitted testimony of the appellant himself would show that he had received a recent job offer paying $10,000.00 per year plus expenses." If the record reflected such testimony, and the portions directed by appellant and served upon appellee did not reflect same, it was then incumbent upon appellee in fulfilling his responsibility to his client, the trial judge and this court to immediately direct the reporter to include such testimony in the record on appeal.
We do not sanction or condone the flagrant omission on the part of an appellant of material portions of the proceedings which are relevant to the points on appeal posed by him, whether those parts are favorable or unfavorable to his position. At the outset it is his responsibility to designate such parts as will permit this court to fully review evidence upon which the trial judge relied in reaching his decision. By the same token, it is a useless expense to the parties and a burden upon the appellate court to include in the record voluminous parts of same that are not material to the issues on appeal. To some extent, it is a matter of judgment on the part of appellant in designating the portion of the proceedings which were material to the decision of the trial judge. For this reason, the appellee is given his "time at bat" to supplement what might, in his judgment, correct any omission on the part of appellant.