PER CURIAM.
The appellee sued his wife for divorce on the ground of extreme cruelty. Judgment for divorce was granted in his favor. The defendant was awarded alimony in the amount of $900 per month, and allowed to continue in possession of the jointly owned residence until sold. The husband was ordered to support the minor child of the parties, a son aged 17 years, who is in his custody. The plaintiff-husband appealed from the judgment (appeal No. 70-135), contending the wife was not entitled to receive alimony, and that the alimony payments ordered were excessive.
During the pendency of the cause the court had ordered the husband to pay items amounting to approximately $475 per month for temporary support of the defendant. After appealing from the final judgment without a supersedeas, the husband paid only the alimony which had been in effect pendente lite, rather than the larger alimony payments provided for in the final judgment. On the wife’s motion a rule to show cause was issued, following which an order was entered holding the husband in contempt, with provision that he could purge the contempt by payment within ten days of the additional amounts required by the judgment which he had failed to pay. From that order the husband filed interlocutory appeal No. 70-259.
We affirm the latter order. It is clear beyond the need for elaboration that the trial court was entitled to enter orders appropriate for the enforcement of payment of alimony as provided for in the final judgment, and that the husband’s appeal from the judgment without superse-deas did not affect its enforceability pending the appeal.
On appeal No. 70-135, we reject as unsound the appellant’s contention that the wife was not entitled to be awarded alimony because it was for her misconduct (extreme cruelty) that the divorce was granted. Randolph v. Randolph, 146 Fla. 491, 1 So.2d 480.
We find merit in the appellant’s contention that the alimony awarded was excessive, on consideration of the needs of the wife balanced against the husband’s financial status and ability to pay as disclosed in the record. An inspection of the items and their amounts which were listed by the wife as making up the sum needed by her monthly for support shows inclusion of some items not reasonably to be regarded as necessary for her support and some unrealistic sums for certain of the items listed. On consideration thereof, in the light of the record and briefs and the applicable law, we hold that the alimony allowance of $900 per month was more than *535 justified on the record, and that it should be and hereby is reduced to $750 per month, retroactive to the date of the final judgment.
It is so ordered.