WALDEN, Chief Judge
(dissenting) :
I dissent.
This is an appeal brought by the husband from a final judgment of dissolution of marriage. The grievance centers upon the award of child support of $600 per month (for two children), plus rehabilitative alimony of $200 per month from October 1, 1976, through March 1, 1977.
The parties agree on the law of the case and the necessity of the husband to show an abuse of the trial court’s discretion as a predicate for appellate relief, White v. White, 249 So.2d 729 (2d Fla.App.1971). The issues have to do with the facts.
Very shortly and simply, the husband was a dentist and the parties had lived beyond their means during their ten year marriage, so that at the time of the dissolution they had, without dispute, outstanding liabilities of about $70,000 such as tax liens, credit card debts, mortgages, and personal loans. The husband’s net income was $138 per week. With his personal expenses (including award of alimony and child support) the husband’s deficit was about $600 weekly.
The wife had six years of college training in nursing (but no degree). She is thirty-two years of age and has some past work experience.
Accepting the wife’s statement of needs for herself and children, her deficit (the difference between what she says she needs and the amount adjudged) is $45 weekly.
As I view it, from a comparison of the two deficits and all other facts and circumstances, the trial court abused its discretion, Cummings v. Cummings, Fla., 330 So.2d 134, Supreme Court Opinion filed March 31, 1976; Gordon v. Gordon, 4th DCA Opinion filed April 20, 1976, and imposed an obligation upon the husband which he cannot meet, Garlick v. Garlick, 38 So.2d 222 (Fla.1948); Traylor v. Traylor, 214 So.2d 15 (1st Fla.App. 1968).
From a review of the record and consideration of the appellate presentments, it is my judgment that the award of alimony should be reduced to $100 monthly during the stated period, and the award of child support reduced to $150 monthly per child, for a total of $300 monthly child support, Helin v. Helin, 235 So.2d 533 (3rd Fla.App.1970). Of course, my view would be without prejudice to the right of the parties to seek modification, based on any material change in circumstances occurring after the entry of the final judgment.
I would reverse and remand for further proceedings consistent herewith.