452 So.2d 81 (1984)
Philip SHAPIRO, Appellant,
v.
Sandra G. SHAPIRO, Appellee.
No. AT-248.
District Court of Appeal of Florida, First District.
May 23, 1984.
Rehearing Denied June 27, 1984.
Albert Datz of Datz, Jacobsen & Lembcke, Jacksonville, for appellant.
Lyman T. Fletcher, Fletcher & Fletcher, Jacksonville, for appellee.
MILLS, Judge.
Eight issues are raised in this appeal and cross-appeal from a final judgment dissolving Philip and Sandra Shapiro's twenty-two year marriage. Two issues merit discussion.
In 1980, Philip's mother transferred approximately $60,000 of her money to Philip and filed a gift tax return thereon. Philip and Sandra both testified the money was given with the understanding that it be used for Philip's mother's support until her death, and only afterward by Philip personally. Philip kept the money in an account separate from his joint accounts with Sandra. He paid income taxes on the interest the money earned by deducting the amount of tax from the account. Apart from $3,700 used to pay for a trip Philip and Sandra made to Israel, and which Philip admits he owes to the account, there was no evidence Philip used any of the money for purposes other than his mother's support. The trial judge nevertheless considered these funds in making an equitable division of assets and in determining Philip's ability to pay alimony and child support.
Sandra argues the trial judge could properly consider the money as Philip's. She contends that even if the court-imposed support obligations cause Philip to use funds provided by his mother for his mother's support to instead support his children and former wife, there is no error. We cannot agree.
A husband's capital assets should be considered in determining his ability to pay. Firestone v. Firestone, 263 So.2d 223 (Fla. 1972). But, a husband's support of his mother is also relevant in determining his *82 financial status. Lyons v. Lyons, 208 So.2d 137, 139 (Fla. 3d DCA 1968). The money in question is not really available to Philip until his mother dies because Philip, at the very least, has a moral obligation to use the money to support his mother. The money, therefore, is less like a capital asset and more like an expectancy not properly considered by the trial judge in a dissolution action. Traylor v. Traylor, 214 So.2d 15 (Fla. 1st DCA 1968); McCloskey v. McCloskey, 359 So.2d 494 (Fla. 4th DCA 1978). The trial judge erred when he considered these funds.
The second issue meriting discussion relates to the trial judge's award to Sandra of a special equity in the former marital home. Following the final judgment in this case, the Florida Supreme Court decided Landay v. Landay, 429 So.2d 1197 (Fla. 1983), setting out the formula to be applied to determine a spouse's special equity in entireties property where that spouse furnishes some, but not all, consideration from separate funds. If Sandra is to receive a special equity in the former marital home, it must be based on the Landay formula.
Although we consider the other issues raised on appeal meritless, we recognize the trial judge's duty to fashion an integrated decree just to all parties concerned. The final judgment is therefore reversed in all respects relating to asset division, alimony and child support, and remanded to the trial court for reconsideration in view of the foregoing rulings. If deemed necessary by the trial judge, additional evidence may be taken to determine the purchase price of the former marital home.
SMITH and NIMMONS, JJ., concur.