495 So.2d 275 (1986)
John G. KERNAN, Appellant,
v.
Viola D. KERNAN, Appellee.
No. 86-167.
District Court of Appeal of Florida, Fifth District.
October 2, 1986.
Charles R. Stepter, Jr., Orlando, for appellant.
William H. Corbley, Orlando, for appellee.
COBB, Judge.
The trial court in this case granted an alimony award based upon a finding of the husband's ability to pay
[B]ecause of the strong likelihood the Internal Revenue Service will substantially reduce the monthly payments (he) is required to make on account of the parties' federal income taxes for 1985 and prior years upon considering the financial obligations imposed on (him) by this final judgment.
We find this award was error. For one thing, there was no evidence presented to the trial court that the IRS would reduce the required payments. For another, the amount of the alimony award is improperly based on a future occurrence rather than on present circumstances, and thus erroneously shifts the burden of proof at any subsequent modification hearing. See Shapiro v. Shapiro, 452 So.2d 81 (Fla. 1st DCA 1984); Henderson v. Henderson, 226 So.2d 699 (Fla. 4th DCA 1969); and Traylor v. Traylor, 214 So.2d 15 (Fla. 1st DCA 1968).
The trial court should have properly considered the husband's ability at the present time, not what might occur because of the possible benevolent attitude by the Internal Revenue Service at some unspecified future date. The husband's testimony at trial indicated that the IRS wanted a minimum of $1,000 per month with the amount possibly rising. The trial court seems to imply, and the appellee urges, that the burden is on the husband to move to modify based on "unchanged circumstances" should the IRS not reduce his obligation. The opposite is the case. If the $1,000 payment is substantially lowered, the wife can then petition for a modification based on changed circumstances *276 and increased ability. See § 61.14, Fla. Stat. (1985). We find no error, however, in the trial court's attorney fee award in favor of the wife.
REVERSED and REMANDED for further proceedings consistent with this opinion.
ORFINGER and COWART, JJ., concur.