523 So.2d 166 (1988)
George Chester BEDELL, Appellant,
v.
Bettie Moor BEDELL, Appellee.
No. 87-280.
District Court of Appeal of Florida, First District.
March 23, 1988.
Rehearing Denied April 26, 1988.
*167 Stephen W. Sessums of Sessums & Mason, Tampa, and Charles A. Stampelos of McFarlain, Sternstein, Wiley, and Cassedy, Tallahassee, for appellant.
James P. Judkins of Davis, Judkins and Simpson, Tallahassee, for appellee.
ERVIN, Judge.
The appellant/husband appeals the trial court's order denying his petition for modification of alimony. We hold that the wife's inheritance, received after the final dissolution of marriage, constitutes a substantial change in circumstances which may warrant a modification of alimony, and reverse and remand with directions.
The husband and wife, during dissolution of marriage proceedings, entered into a settlement agreement whereby the husband agreed to pay the wife $1,100 per month in permanent periodic alimony until such time as she died or remarried. The agreement further provided the following pertinent provisions:
12. BETTIE CLIFTON MOOR agrees to make reasonable efforts to become financially self-sufficient and either party may petition this Court to review the alimony payments at a future date in the event of changed circumstances.
* * * * * *
16. Both parties agree that either party may petition the Court in the future to review and possibly revise the amount of periodic alimony to be paid.
Within three years following the dissolution of marriage, both of the wife's parents died, leaving the wife cash, stock, and other intangible property totaling $250,000, and a one-half interest in real property appraised at $295,000. The husband then filed a petition for modification of alimony, alleging that the wife's net worth had increased, due both to her inheritance and increased earning capacity, from $290,811 at the time of dissolution to $1,045,922 at the time of the petition for modification. Although the husband did not dispute that he had the present ability to pay the alimony award, he urged that a change of circumstances had occurred and that the wife no longer was in need of the alimony awarded.
The trial court, relying on the well-established principle that an alimony award may not be modified because the change of circumstances that had occurred was one contemplated by the parties when the original judgment was entered, see Jaffee v. Jaffee, 394 So.2d 443 (Fla. 3d DCA 1981), concluded that the wife's inheritance was a contemplated change which would not justify modification. The court further found that the wife was still in need of alimony, even though she had increased both her earned and passive income.
Initially, we agree that the possibility of the wife receiving a substantial inheritance from her parents may well have been contemplated by the parties when they entered into the settlement agreement. At the time of dissolution, the wife's mother was 85 years old and her father 87. The record discloses that the parents had already given substantial gifts to the husband and wife during their marriage. Notwithstanding that the parties contemplated that the wife might receive an inheritance from her parents, the actual receipt of the inheritance and the amount received were nonetheless neither certain nor guaranteed; at best they could be only fairly described as an expectancy. In Traylor v. Traylor, 214 So.2d 15 (Fla. 1st DCA 1968), the trial court, in fashioning an alimony award, erroneously took into account the fact that the husband had a potential interest in his father's living trust. This court, in reversing, held that the "possibility of such income is too remote and speculative to be considered in determining the amounts which a husband should pay in a divorce suit." 214 So.2d at 16. See also Shapiro v. Shapiro, 452 So.2d 81 (Fla. 1st DCA 1984) (money given to husband, with understanding that it was not to be used personally until after mother's death, was an expectancy *168 not properly considered by the trial court when determining the husband's ability to pay alimony); McCloskey v. McCloskey, 359 So.2d 494 (Fla. 4th DCA 1978), cert. denied, 368 So.2d 1370 (Fla. 1979) (the trial court erred in including a possible future inheritance in the total amount of a wife's net worth in reaching its decision as to the amount of alimony to be awarded the wife). In explaining the contingencies attached to considering a possible future inheritance for such purposes, the Fourth District commented:
Said inheritance is supposed to come to her by will when an elderly aunt dies, but the wife may die first, wills can be rewritten, or the aunt may make an intervivos disposition of the stock. In the event the wife does eventually inherit this asset, and if it is marketable, or income producing, a petition to modify the alimony, because of significantly changed circumstances, may be filed in accordance with the precepts of Wilson v. Wilson, 279 So.2d 893 (Fla. 4th DCA 1973).
Id. at 496 (emphasis in original).
The rule has long been recognized that "[t]he `right' to inherit from a living person is a mere expectancy in the sense that the right to inherit is defeated if the prospective heir does not survive the intestate or if the decedent disposes of his property during his life or by will." 17 Fla.Jur.2d Decedent's Property § 8, 352-353 (1980) (footnotes omitted). Contrast the expectancy of a future inheritance with the matters which the parties in Jaffee had contemplated in agreeing upon a division of their property and the amount of alimony awarded: that the parties' children would all eventually reach 21 and leave home; that the wife would receive substantial funds from the sale of the marital home, and that the wife, trained as a registered nurse, would be able to earn a greater income in such profession upon the children obtaining their majority and moving away. There the likelihood that the circumstances specified would occur was reasonably contemplated by the parties' agreement fixing the award in question. Such circumstances are substantially different from the possibility that a spouse might at some future time following the execution of a property settlement agreement receive a substantial inheritance from his or her parents' estates. Such a future expectancy cannot properly be considered a contemplated change of circumstances necessarily barring an application for modification of alimony if in fact the circumstance occurs.
We conclude that the inheritance received by the former wife constituted a substantial change in circumstances. The cause is therefore remanded to the trial court for its consideration of whether the former wife is entitled to any alimony, or a lesser amount, as a result of such change.
REVERSED and REMANDED for further consistent proceedings.
SMITH, C.J., and NIMMONS, J., concur.