PATTERSON, Judge.
The former wife, Sandra Selembo, appeals from a post-judgment order which modifies the final judgment of dissolution of marriage to terminate her award of permanent periodic alimony. We affirm the modification order, but we remand the case for further evidentiary proceedings on the issue of a setoff for amounts the wife paid for the husband’s court-ordered obligation to pay attorney’s fees and costs.
The wife contends that the substantial inheritance she received upon her mother’s death, which is the basis for the modification, does not constitute an unanticipated substantial change of circumstances. These funds were held in joint accounts with her mother at the time of the dissolution proceedings and were known to all parties and the court. The wife’s position is that the court took this future expectancy into consideration at the time of the alimony award and, therefore, her becoming sole owner of the accounts upon her mother’s death does not constitute a change of circumstances.
During the original divorce proceedings, however, the wife asserted that she was a cotenant of these funds solely for inheritance purposes and that the funds were the sole property of her mother during her lifetime. The trial judge in this proceeding determined such to be the case and that the actual inheritance, combined with a reduction in the husband’s income, constituted an unanticipated substantial change in circumstances which justified a termination of the alimony award. We agree that such determination is based upon substantial competent evidence and does not constitute an abuse of discretion on the part of the trial court. See Bedell v. Bedell, 523 So.2d 166 (Fla. 1st DCA 1988); Friedman v. Friedman, 366 So.2d 820 (Fla. 3d DCA 1979).
On December 27, 1990, the trial court entered its modification order, retroactive to the date of filing of the husband’s petition for modification. This retroactive application resulted in an overpayment of alimony to the wife in the amount of $33,-000. The court ordered this sum to be repaid to the husband. By an order rendered December 21, 1987, the trial court had ordered the husband to pay a portion of the fees and costs incurred by the wife in the original proceedings. These amounts remain unpaid. By reason of the husband’s present financial circumstances, payment in the future is uncertain at best. At the same time, the wife is contractually obligated to pay these amounts if the husband does not. The wife sought a setoff against the $33,000 for the amounts the husband is obligated to pay on her behalf. The trial court denied this request. Under the circumstances presented, such denial was error.
We affirm the order of modification. We remand, however, for further evidentiary proceedings at which the trial court is to determine the amounts of contractually-owed fees and costs the wife has actually paid by the time of such hearing. The wife is then to receive a setoff of these amounts actually paid against the $33,000 owed to the husband, such setoff not to exceed the remaining balance of the $19,043.07, which the trial court ordered the husband to pay in its order of December 21, 1987.
DANAHY, A.C.J., and ALTENBERND, J., concur.