PER CURIAM.
Appellant seeks reversal of a child support order. We affirm.
Appellant, after being served with a petition seeking a determination of paternity and child support, admitted being the father of appellee’s child, born in December 1991. An inquiry into appellant’s gross income followed in order to determine the *823 proper amount of child support under section 61.30, Florida Statutes (1991). Appellant is a medical doctor who maintains what he describes as a solo practice. Nevertheless, appellant is affiliated with several other medical doctors, all of whom have established a corporation referred to as a cost management account. According to appellant’s accountant, the cost management account was created to protect the doctors’ receivables from malpractice claims. Through this account, the respective pension funds of the doctors are funded. Appellant maintains a simplified employee plan, or “SEP.” According to the accountant, the SEP operates as a “super IRA account,” whereby a party adopts a plan established by the Internal Revenue Service, and so long as the party abides by the plan, there is no reporting requirement. Appellant cannot depart from the plan without paying a penalty.
The yearly contribution level of each of the doctors to their respective plans is established by a majority vote of the doctors. Because appellant cannot, therefore, individually set the level of contribution to his pension fund, he argues that his pension contributions must be considered “mandatory retirement payments” under section 61.30(3)(d). As a mandatory retirement payment, appellant contends, a contribution to the SEP must be deducted from his gross income so as to reduce his net income, by which the amount of child support is established. The trial court, after considering the conflicting evidence and argument on this issue, rejected appellant’s contention and found that appellant’s pension plan did not qualify as mandatory retirement payments.
No definition of “mandatory retirement payments” is provided in Chapter 61. Both parties have advanced arguments which they believe conform with the intent of section 61.30; however, both parties have conceded that they were unable to find case law regarding treatment of a SEP under the support guidelines.
We are of the view that the lower court did not err in declining to consider contributions by appellant to his SEP as mandatory retirement payments. Appellant may continue in his practice regardless of whether his retirement plan is funded in this manner. Appellant has chosen this particular scheme because it suits his needs, and not because of any compulsion by circumstances beyond his control. In the final analysis, it is a plan which he has voluntarily assumed and which he has the option of departing from without endangering his employment. The fact that appellant is, in his words, being punished for being self-employed, is a policy argument which is more properly directed to the legislature.
Accordingly, the final judgment is AFFIRMED.
ERVIN, SMITH and BARFIELD, JJ„ concur.