PER CURIAM.
No record of evidence received by the general master as to portions of proceedings in a domestic dissolution proceeding was filed with the trial court at the time of the filing of her reports, as is required by Fla.R.Civ.P. 1.490(f). Petrakis v. Petrakis, 597 So.2d 856 (Fla. 3d DCA 1992); Kay v. Kay, 430 So.2d 532 (Fla. 4th DCA 1983); Berk v. Berk, 423 So.2d 1018 (Fla. 4th DCA 1982). Accordingly, all subsequent actions based on such reports and recommendations, upon attack, are subject to being deemed erroneous and based upon possible improper recommendations. Therefore, the final judgment of dissolution, the awards thereunder, and the order of contempt under review be and the same are hereby reversed. This matter is returned to the trial court for proceedings de novo as to all issues presented by the pleadings with the trial court taking into consideration the applicable law in such a dissolution proceeding. See Bowen v. Bowen, 471 So.2d 1274 (Fla.1985); Pugliese v. Pugliese, 347 So.2d 422 (Fla.1977); Dinkel v. Dinkel, 322 So.2d 22 (Fla.1975); Fort v. Fort, 90 So.2d 313 (Fla.1956); Slatkoff v. Dezen, 74 So.2d 59 (Fla.1954); Harmon v. Harmon, 40 So.2d 209 (Fla.1949); Cushman v. Cushman, 585 So.2d 485 (Fla. 2d DCA 1991); Milligan v. Addison, 582 So.2d 769 (Fla. 3d DCA 1991); Ensley v. Ensley, 578 So.2d 497 (Fla. 5th DCA 1991); Arce v. Arce, 566 So.2d 1308 (Fla. 3d DCA 1990); Greene v. Greene, 547 So.2d 1302 (Fla. 2d DCA 1989); Kernan v. Kernan, 495 So.2d 275 (Fla. 5th DCA 1986); Mounce v. Mounce, 459 So.2d 437 (Fla. 3d DCA 1984); Shapiro v. Shapiro, 452 So.2d 81 (Fla. 1st DCA 1984); Bell v. Bell, 307 So.2d 911 (Fla. 3d DCA 1975); Traylor v. Traylor, 214 So.2d 15 (Fla. 1st DCA 1968); §§ 61.075(1); 61.13(2); 61.-30(2)(b), Fla.Stat. (1989); Cf. Bedell v. Bedell, 583 So.2d 1005 (Fla.1991); Cowie v. Cowie, 564 So.2d 533 (Fla. 2d DCA 1990); Rosen v. Rosen, 528 So.2d 42 (Fla. 3d DCA 1988), review denied, 537 So.2d 569 (Fla. 1988).
Reversed and remanded with directions.