651 So.2d 1252 (1995)
Rovena L'Tanya R. NELSON, Appellant,
v.
Miles Vernard NELSON, Appellee.
Nos. 94-1441, 94-1551 and 94-2030.
District Court of Appeal of Florida, First District.
March 14, 1995.
*1253 Teresa Byrd Morgan of Darby, Peele, Bowdoin & Payne, Lake City, for appellant.
JoLen Rawls Wolf of Gardner, Shelfer, Duggar & Bist, P.A., Tallahassee, for appellee.
LAWRENCE, Judge.
Appellant Rovena Nelson (wife) brings a consolidated appeal from a final judgment dissolving her marriage with Dr. Miles Nelson (husband), an order on an emergency motion for contempt, and an order on attorney's fees. Of the many issues raised on appeal, the only issue with merit concerns the manner in which the trial court calculated the amount of the husband's child support obligation. We limit our discussion to the several aspects of this issue.
At the time of trial, the wife was 36, the husband was 40, and their two children, Candice and Jaison, were 11 and 9 years old respectively. The parties had been married almost 16 years. The husband, a surgeon, established a medical practice some five years earlier in Perry, Florida. The wife, a registered nurse, was not employed. The trial court found the husband's usual and customary annual income was $208,000, and awarded the wife $2,500 per month in permanent alimony, $2,500 per month in rehabilitative alimony for four years, and $1,800 per month in child support.
The wife argues the trial court should not have deducted the husband's contribution to a Simplified Employee Pension Plan (SEP-IRA) from his gross income for purposes of calculating his child support obligation. The trial court accepted the testimony of the husband's accounting expert that the husband's taxable income in 1993 was $208,622. This annual income, however, does not include the amount the husband annually contributes to SEP-IRA, which amount is non-taxable. The record reflects that the husband contributed about $25,000 to this plan in 1993. Section 61.30(3)(d), Florida Statutes (1993), allows mandatory retirement *1254 payments to be deducted from a party's gross income in determining the minimum amount of child support required under the guidelines. The husband's SEP-IRA contributions do not qualify for this statutory deduction because his own accounting expert testified that the contribution was voluntary, and the record reflects that his participation or withdrawal from the pension plan would not affect his ability to continue in his practice. Baker v. Ashton, 617 So.2d 822 (Fla. 1st DCA 1993). Therefore, we reverse and remand with instructions that the trial court consider the husband's contribution to this pension plan as part of his income for purposes of determining child support.
The wife next contends that the trial court erred in deducting permanent alimony from the husband's gross income in calculating his child support obligation.[1] We disagree. The trial court has discretion to adjust the minimum child support award based on the party's payment of both child support and spousal support. § 61.30(11)(c), Fla. Stat. (1993). The trial court also has the discretion to make any other adjustment "needed to achieve an equitable result." § 61.30(11)(k), Fla. Stat. (1993). Thus, no abuse of discretion is shown in the trial court allowing the husband to make this deduction. Pelton v. Pelton, 617 So.2d 714 (Fla. 1st DCA 1992).
The wife next argues the trial court incorrectly adjusted the husband's gross income based upon purely speculative events (i.e. future events), instead of basing it on circumstances existing at the time of the final hearing. The trial court apparently accepted the husband's calculations that his 1994 adjusted gross income is $143,466 for purposes of determining his child support obligation. The husband arrived at this figure by deducting the following amounts from his gross salary of $208,622: (1) potential lost earnings of $58,283 while preparing for the board exams; and (2) potential rent or mortgage payments of $6,873 for the last 6 months of 1994. We agree in part.
As a general rule, trial courts may not consider future or anticipated events in setting current alimony and child support amounts due to the lack of an evidentiary basis or the uncertainty surrounding such future events. See Edwards v. Sanders, 622 So.2d 587 (Fla. 1st DCA 1993) (in determining husband's ability to pay alimony, error to rely on anticipated receipt of social security benefits due to husband's serious medical problems); Shapiro v. Shapiro, 452 So.2d 81 (Fla. 1st DCA 1984) (in determining ability to pay alimony, error to consider money given by husband's mother, which may only be used by husband personally once mother has died); Traylor v. Traylor, 214 So.2d 15 (Fla. 1st DCA 1968) (error to consider husband's potential interest in father's living trust created six years earlier where possibility of income from such trust is too remote and speculative); Kernan v. Kernan, 495 So.2d 275 (Fla. 5th DCA 1986) (error to consider possible benevolent treatment of husband by IRS at some unspecified future date).
In view of these cases, we find the trial court erred in considering a reduction in the husband's income due to anticipated rent payments. As part of an "incentive contract" the husband signed with Taylor County, his medical practice occupied a county building on a rent-free basis for a specific period of time. The husband testified the county should "technically" have required him to relocate two years earlier when his contract ended (i.e., 1992). Nevertheless, at the time of the final hearing, his medical practice had not yet relocated and had not yet been asked to relocate. While it is clear that the husband's medical practice will one day have to move, thereby incurring rent or mortgage payments, the date of this forced relocation is uncertain. Therefore, the trial court erred in deducting this amount from the husband's income in determining his child support obligation.
We find no error, however, with regard to the trial court's consideration of the decrease in income the husband will experience due to preparation for board exams. *1255 The husband's need to take and pass these exams, the dates on which these exams will occur, the amount of time he will need away from the office to ensure proper preparation, and the resulting decrease in his income are well-documented in the record. Thus, we affirm that part of the final judgment that takes into consideration the husband's decreased income due to preparation for the board exams, but reverse and remand regarding its consideration of the anticipated rent obligation.
We affirm as to all other issues raised on appeal. Accordingly, we AFFIRM in part, and REVERSE in part.
JOANOS and BENTON, JJ., concur.
NOTES
[1] In ordering the husband to pay child support of $1,800 per month, the trial court apparently accepted the husband's claim as to the amount of net income he had available for child support, which sum reflected a $2,500 per month deduction for court-ordered permanent alimony.