STEVENSON, Judge.
Appellant J. Anthony Boalt filed two separate appeals in this court from non-final orders in a pending post-dissolution action in Palm Beach Circuit Court. The first appeal, ease no. 95-2383, challenged an order adjudicating him in civil contempt of court for failure to pay alimony. The second appeal, *110 case no. 95-2384, challenged an order denying exceptions to the report of a commissioner/general master, which formed the factual basis for the subject contempt order. We sua sponte consolidate these two cases and reverse both orders because the trial court erred in denying the exceptions to the master’s report without the benefit of a transcript or other complete written record of the evidence which the master considered.
Rule 1.490(f), Florida Rules of Civil Procedure provides that the evidence taken at a hearing before a master must be reduced to writing and filed with the master’s report so that a record is created to protect a litigant’s right to review by the trial judge. In this case, the commissioner/master’s report contained a section entitled “findings” which recited the positions of the parties and made some findings of fact, but this cannot fairly be said to be a statement of the actual evidence adduced at the master’s hearing. Without written evidence, transcripts or otherwise, the report was incomplete and the trial court erred in ruling on the appellant’s exceptions to the report. See DeClements v. DeClements, 662 So.2d 1276 (Fla. 3d DCA 1995); Lopez v. Lopez, 622 So.2d 153 (Fla. 3d DCA 1993); and Gordin v. Gordin Int’l, Inc., 605 So.2d 154 (Fla. 4th DCA 1992).
In her answer brief, appellee claims that at the hearing, counsel for appellant told the court that he had ordered a transcript, that it was not ready at the time of the hearing on the exceptions, and that counsel did not object to the trial court ruling without the transcript because he intended to appeal anyway. Unfortunately for appellee, this claim of waiver is without basis in the record before this court. Further, although the requirements of Rule 1.490 are subject to waiver, it is the master’s responsibility to ensure that the written record of the proceedings is filed with the master’s report. “[T]he responsibility for creating and preparing such a written record cannot be shunted or transferred to the litigants involved.” De-Clements at 1284, (emphasis in opinion).
Accordingly, both orders must be vacated and the cause remanded for further proceedings wherein the trial court must first have for review a transcript of the hearing taken by the master or a complete written summary consistent with rule 1.490 and the case law cited herein prior to ruling on the appellant’s exceptions to the general master’s report and consequently, appellee’s request that appellant be held in contempt.
FARMER and PARIENTE, JJ., concur.