PER CURIAM.
The former wife appeals a final modification judgment that granted the former husband’s petition for modification and terminated the former wife’s permanent periodic alimony retroactively to the filing date of the petition. We affirm the modification judgment in part, reverse in part, and remand with instructions to vacate only that part of the judgment requiring the former wife to reimburse the former husband for alimony payments she received before becoming self-supporting.
The former husband, as the petitioner, met his burden to show a substantial, material, unanticipated, involuntary, and permanent change in the former wife’s financial circumstances. § 61.14(1), Fla. Stat. (2010); Pimm v. Pimm, 601 So.2d 534, 536 (Fla.1992). Competent, substantial evidence in the record supports the trial court’s findings that the former wife remains able to perform the duties of a paralegal, and that her receiving a substantial inheritance from her parent will *961 allow her to become self-supporting. Selembo v. Selembo, 591 So.2d 1112, 1113 (Fla. 2d DCA 1992) (concluding that former wife’s receiving a large inheritance was a substantial change in circumstances justifying termination of her permanent periodic alimony); Bedell v. Bedell, 523 So.2d 166 167-68 (Fla. 1st DCA 1988) (concluding that the former wife’s receiving an inheritance from both parents was a substantial change in circumstances that might warrant a downward modification of alimony paid by the former husband). We find no abuse of discretion in the court’s decision to terminate alimony without reserving jurisdiction over the issue of alimony or awarding a nominal amount.
One part of the modification ruling requires reversal, however. The record supports the court’s determination that the former wife received her inheritance in June 2010. This was the requisite change in financial circumstances. The court ordered the revocation of alimony to be retroactive to the February 2010 filing date of the petition for modification, rather than effective upon the receipt of the inheritance. We review for an abuse of discretion the decision to revoke alimony retroactively. Vitro v. Vitro, — So.3d —, 2012 WL 2012458 (Fla. 4th DCA 2012); Cleary v. Cleary, 872 So.2d 299, 303 (Fla. 2d DCA 2004). Permanent alimony is based on the concept the requesting party cannot be self-supporting. Griffith v. Griffith, 528 So.2d 1325, 1326 (Fla. 5th DCA 1988). Therefore, where alimony or its modification is at issue, the trial court must determine the payee’s actual financial need. Potter v. Potter, 477 So.2d 67, 68 (Fla. 1st DCA 1985). A trial court is authorized to modify alimony retroactively to the filing date of the petition for modification “as equity requires, giving due regard to the changed circumstances or the financial ability of the parties.” § 61.14(1).
Absent any findings of fact demonstrating the former wife was capable of self-support during the interim between the petition filing date and the date when she received the inheritance, we reverse that part of the order that required the former wife to reimburse the former husband for alimony payments she received for the months before June 2010. See Suarez v. Sanchez, 43 So.3d 118, 123 (Fla. 3d DCA 2010) (finding the trial court erred in decreasing former husband’s permanent periodic alimony obligation as of a date before the substantial, permanent change in circumstances, his retirement, occurred). On remand, the trial court may implement the revocation of alimony retroactively upon proper findings relating to the former wife’s ability to support herself.
AFFIRMED in part, REVERSED in part, and REMANDED with instructions.
PADOVANO, ROWE, and RAY, JJ., concur.