# Third District Court of Appeal

## State of Florida

Opinion filed August 12, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D12-2514
Lower Tribunal No. 98-3518
_____

## Carlos Alberto Garcia,
Appellant,

vs.

## Marela Valladares Garcia,
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Barbara Areces, Judge.

Carlos Alberto Garcia, in proper person.

Douglas Isenberg, for appellee.

Before SHEPHERD, LAGOA and FERNANDEZ, JJ.

FERNANDEZ, J.

Carlos Garcia, the former husband, appeals the trial court's August 28, 2012, order ratifying the general magistrate's report and denying the former husband's

exceptions to the report. We reverse because the general magistrate's report was based on an incomplete record that did not contain the testimony of Carlos Garcia and of his accountant.

On March 24, 2010, the former husband petitioned for a downward modification of child support previously ordered in the August 7, 2007, final judgment adopting and ratifying the parties' mediated settlement agreement. The settlement agreement, in addition to child support, created a special checking account that provided for the children's out of pocket expenses and was intended to be part of the former husband's total contribution toward the children's out of pocket expenses. In response, the former wife, Marela Garcia, filed a motion for contempt and to compel compliance with the mediated settlement agreement and final judgment.

The general magistrate held evidentiary hearings on November 17, 2010 and March 30, 2011. The November 17, 2010 hearing lasted three hours and included the testimony of the former husband and of his accountant. Subsequent to these hearings, for reasons that are not relevant to this opinion, the general magistrate re-opened the evidence to receive additional information.

On April 10, 2012, the general magistrate issued a report finding that the former husband's financial affidavit contained a material and fraudulent omission by not disclosing the existence of a new secondary company. The general

2

magistrate also found that the former husband failed to meet his burden of presenting competent substantial evidence of a substantial change in circumstances to warrant a modification of child support and consequently denied his petition.

The former husband filed exceptions to the general magistrate's report raising several grounds for rejection of the report and a motion requesting the transcript of proceedings before the general magistrate. It was then discovered that the November 17, 2010, hearing was inaudible and could not be transcribed. The former husband amended his exceptions to the general magistrate's report to reflect this failure to keep an adequate record of the November 17, 2010, evidentiary hearing and requested a new trial pursuant to Florida Rule of Civil Procedure 1.530. Subsequently, on August 28, 2012, the trial court adopted the general magistrate's report and denied the former husband's exceptions to the report.

Florida Rule of Civil Procedure 1.490(f) provides that, in a hearing before a magistrate, "[t]he evidence shall be taken in writing by the magistrate or by some other person under the magistrate's authority in the magistrate's presence and shall be filed with the magistrate's report." Fla. R. Civ. P. 1.490(f). Thus, a magistrate is responsible for creating an accurate and complete record of the proceedings. De Clements v. De Clements, 662 So. 2d 1276, 1283-84 (Fla. 3d DCA 1995).

A trial court may not adopt or ratify a magistrate's report if the magistrate fails to    file a complete record of the evidence with the report, regardless of

3

whether exceptions have been filed to that report.  Id.; Petrakis v. Petrakis, 597 So. 2d 856 (Fla. 3d DCA 1992).  Likewise, if a trial court has not received a complete record at the time the magistrate filed his or her report, "all subsequent actions based on such reports and recommendations, upon attack, are subject to being deemed erroneous and based upon possible improper recommendations." Lopez v. Lopez, 622 So. 2d 153 (Fla. 3d DCA 1993).

It is undisputed that the testimony of the former husband and of his accountant from the November 17, 2010 hearing was wholly absent from the record provided to the trial judge. We thus conclude that the trial court did not have a full written record to review and abused its discretion when it ratified the general magistrate's report.  We therefore reverse the trial court's ratification of the general magistrate's report and the denial of Carlos Garcia's exceptions to the report and remand with instructions to the trial court to conduct further proceedings, including a new hearing, as may be necessary. In light of our decision, we decline to address the other issues raised on appeal.

Reversed and remanded for further proceedings consistent with this opinion.